## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **KING & KING, CHARTERED,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | **Civil Action No. 1:06-cv-00324 (JDB)** |
| **HARBERT INTERNATIONAL, INC.,** | ) | |
| *et al.* | ) | |
| | ) | |
| **Defendants.** | ) | |

## MOTION TO DISMISS AND MEMORANDUM OF LAW OF DEFENDANTS BILHAR INTERNATIONAL ESTABLISHMENT, BILL HARBERT INTERNATIONAL CONSTRUCTION, INC., AND BILL L. HARBERT

Defendants Bilhar International Establishment ("BIE"), Bill Harbert International Construction, Inc. ("BHIC") and Bill L. Harbert ("Bill Harbert"),[1] by and through counsel, hereby respectfully move this Court to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)"), the Complaint of Plaintiff King & King, Chartered ("King & King") against them in the above captioned action for failure to state a claim upon which relief can be granted.

### STATEMENT OF FACTS

Defendants incorporate herein the Statement of Facts in Defendants Harbert International, Inc. ("HII") and Raymond J. Harbert's Motion to Dismiss and Memorandum of Law. Plaintiff asserts: (i) that Bill Harbert and BHIC breached the fee agreement with Plaintiff; (ii) if Bill Harbert lacked the authority to enter into the agreement with Plaintiff on behalf of HII, Bill

---

[1] The Complaint incorrectly identifies Bill L. Harbert as William L. Harbert.

Harbert (personally) and BIE have been unjustly enriched by Plaintiff's efforts and are liable for payment of Plaintiff's fee in accordance with the fee agreement. *Id.,* at ¶¶ 37, 39 at 21.

## ARGUMENT

### I.  INTRODUCTION AND LEGAL STANDARD

Plaintiff's Complaint asserts that Bill Harbert and BHIC breached the fee agreement with Plaintiff by failing to pay Plaintiff in accordance with an alleged fee agreement that Plaintiff has failed to provide to Defendants or the Court.  The Complaint also asserts that if Bill Harbert lacked authority to enter into the fee agreement on behalf of HII, then Bill Harbert and BIE are liable under the theory of unjust enrichment.

All of Plaintiff's claims against BHIC, BIE, and Bill Harbert should be dismissed: the claims are barred because Plaintiff's action was not filed within the applicable three year limitations period; by Plaintiff's own admission, the condition precedent to its right to payment, *i.e.,* monetary recovery on the Kwajalein contracts claims, never occurred; and even if Plaintiff filed within the time required by the applicable statute of limitations and his claims were sufficiently pled, Plaintiff's allegations are legally insufficient to establish claims against BHIC, BIE, or Bill Harbert.

A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of the complaint." *ACLU Found. of S. Cal. v. Barr,* 952 F.2d 457, 472 (D.C.Cir. 1991).  As the court stated in *BDC Capital Properties, L.L.C. v. Trinh,* 307 F.Supp.2d 12, 13 (D.D.C. 1994):

> Under 12(b)(6), a court "does not test whether the plaintiff will prevail on the merits, but instead whether the claimant has properly stated a claim." *Price v. Crestar Secs. Corp.,* 44 F.Supp.2d 351, 353 (D.D.C. 1999).  In reviewing such a motion, the court accepts the allegations in the non-movant's pleading as true and draws all reasonable inferences in the non-movant's favor. *See Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Sinclair v. Kleindienst,* 711 F.2d 291, 293 (D.C.Cir. 1983).  However, the court need not accept as true plaintiff's legal conclusions. *See Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed2d 209 (1986).  A complaint may not be

dismissed on a Rule 12(b)(6) motion "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley,* 355 U.S. at 45-46, 78 S.Ct. 99.

"In determining whether a complaint fails to state a claim, [the court] may consider only the facts alleged in the complaint, any documents attached to or incorporated in the complaint and matters of which [the court] may take judicial notice." *United States ex rel. Williams v. Martin-Baker Aircraft Co.*, 389 F.3d 1251, 1257. Substantive issues of law are evaluated according to the law of the District of Columbia.

## II.   PLAINTIFF'S CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS

District of Columbia law imposes a three (3) year limitation on actions based on contract (D.C. Code 1981 § 301(7)) and unjust enrichment (D.C. Code 1981 § 12-301; *see also Construction* Interior *Systems, Inc. v. Donohoe Companies, Inc.,* 813 F.Supp. 29 (D.D.C. 1992)). Because Plaintiff's Complaint was filed on January 20, 2006, any alleged injury based on breach of contract or unjust enrichment must have occurred on or after January 20, 2003 to avoid the bar of the statute of limitations.

Because the bases for Plaintiff's breach of contract and/or unjust enrichment claims against Defendants Bill Harbert, BHIC, and BIE are the same as its breach of contract action against Defendant HII, Bill Harbert, BHIC, and BIE incorporate by reference HII's legal argument entitled "**Any alleged breach of contract by HII occurred before January 20, 2003**."

### III.  THE COMPLAINT FAILS TO STATE A CLAIM AGAINST BILL HARBERT, PERSONALLY, OR BIHC FOR BREACH OF CONTRACT

#### A.  Plaintiff Has Not Adequately Alleged That the Contingency Fee Agreement Has Been Breached

Defendants Bill Harbert, BHIC, and BIE incorporate herein, as if fully set forth, Defendants HII's argument that Plaintiff has failed to establish that the fee agreement was breached by HII (or any other Defendant).

#### B.  Plaintiff Has Admitted that Bill Harbert Was Acting on Behalf of HII

"It is a general principle of corporation law that the officers and employees of a corporate entity are its agents. . . .Under the law of the District of Columbia, an agent is not personally liable on a contract it executes on behalf of a principal so long as it identifies the principal and discloses the agency relationship. . . . The requirement of disclosure is satisfied if, at the time of the transaction, the other party had notice that the agent is acting for a principal and of the principal's identity."  *Ridgewell's Caterer, Inc. v. Nelson,* 688 F.Supp. 760, 762 (D.D.C. 1988) (citations omitted).  Here, Plaintiff admitted that Bill Harbert was acting on behalf of HII.  *See, e.g.,* Complaint at ¶ 9 ("At all times subsequent to the creation of HII in 1981, plaintiff reasonably believed that it had been engaged by and was providing legal services to *defendant, HII,* in respect to each of these international construction projects."  Emphasis added); ¶ 13 ("In July, [sic] 1990, defendant, Bill Harbert, *then president of HII* authorized the engagement of plaintiff to provide legal advise with respect to the Kwajalein contracts, and more particularly *to help HII* . . . . With its engagement by defendant, HII, in July 1990, plaintiff was actually involved, [sic] on, [sic] essentially a continuous basis, in providing legal advice and assistance *to HII* . . . ."  Emphasis added); ¶ 36 ("By failing to make payment to plaintiff defendant, HII [sic] has breached the fee agreement which plaintiff entered into by defendant, Bill Harbert, *on its behalf*."  Emphasis added.)

Plaintiff has provided no basis in the Complaint for imposing liability on Bill Harbert for

HII's alleged breach of the putative fee agreement, thus its claim against Bill Harbert should be

dismissed.

**C.    The Complaint Fails to Contain any Facts in Support of Plaintiff's Breach of
        <u>Contract Claim Against BHIC</u>**

Plaintiff claims that BHIC breached its fee agreement with Plaintiff by failing to pay the

same.  (Complaint at ¶ 37.)  However, the Complaint does not contain a single fact supporting

breach by BHIC: there is no allegation of a contract between Plaintiff and BHIC or any facts

from which it could even be argued that BHIC had assumed any liability to Plaintiff, nor is there

any factual assertion supporting a breach of contract.  Simply stated, Plaintiff has failed to plead

any of the required elements of a *prima facie* case for breach of contract.  In fact, except for ¶ 37,

the only mentions of BHIC in the entire Complaint are in ¶ 6 (alleging that Bill Harbert is the

former president and CEO of BHIC) and ¶ 24 ("A separate *qui tam* action was brought against

defendants, [sic] HII, HIE, BHIC and others . . . .).

The foregoing considered, the breach of contract claims against both Bill Harbert and

BHIC must be dismissed.

**IV.   THE COMPLAINT FAILS TO STATE A CLAIM FOR UNJUST
        <u>ENRICHMENT AGAINST BILL HARBERT OR BIE</u>**

Plaintiff seeks damages from Bill Harbert and BIE on the grounds of unjust enrichment *if*

the Court determines that Bill Harbert was not authorized to contract with Plaintiff on behalf of

HII and *if* the Court determines that BIE was the actual beneficiary of Plaintiff's services.

(Complaint at ¶ 39.)

Plaintiff does not identify the theory on which those damages are based.  Assuming that

Plaintiff's claim is based on an implied-in-fact contract, the claim must be dismissed for failure

to state a claim.  In order to prevail based on an implied-in-fact contract, Plaintiff would have to show: (1) that the services were carried out under such circumstances as to give Bill Harbert and BIE reason to understand (a) that they were performed for them and *not for some other person*, and (b) that they were not rendered gratuitously, but with the expectation of compensation from Bill Harbet and BIE, and also (2) that the services were beneficial to Bill Harbert and BIE. *Bloomgarden v. Coyer,* 479 F.2d 201, 156 U.S.App.D.C. 109, 116-17.  Plaintiff's Complaint is replete with statements that negate any argument that Bill Harbert and/or BIE understood that the services were rendered for them and not HII.  *See, e.g.,* ¶¶ 9, 12, 13, 14, 16, 17.  Even after the alleged assignment of the contracts to HIE, there is still no allegation by Plaintiff that its services were rendered for any person or entity other than HII, although it alleges that it was directed to move to substitute BIE for HII as appellant after Plaintiff unilaterally – and without HII's consent or authority – moved to reinstate the appeals at the Armed Services Board of Contract Appeals.  *See, e.g.,* Complaint at ¶ 19 *et seq.*  Raymond Harbert, President of HII, refused to ratify the reinstatement, which resulted in the forfeiture thereof.

There is no factual assertion in the Complaint that Bill Harbert was not authorized to enter into the fee agreement with Plaintiff.  "The law is clear that a corporation is bound by the acts of its officers so long as they act with either actual or apparent authority." *Columbia Hospital For Women Foundation, Inc., v. The Bank Of Tokyo-Mitsubishi, Ltd.,* 15 F.Supp.2d 1, 7 (1997), *aff'd* 159 F.3d 636, 333 U.S.App.D.C. 46 (D.C.Cir. 1998).  There is also no evidence or even allegation that BIE entered into a fee agreement with Plaintiff or benefited from Plaintiff's actions, particularly since there was no recovery on the claims before the ASBCA.

## CONCLUSION

For the foregoing reasons, Defendants Bill Harbert, BHIC, and BIE respectfully pray that the Court dismiss Plaintiff's claims against them pursuant to Rule 12(b)(6).


Respectfully Submitted

BILL L. HARBERT
BILHAR INTERNATIONAL ESTABLISHMENT
BILL HARBERT INTERNATIONAL
  CONSTRUCTION, INC.

By: _____/s/_____
    Laurence Schor (#11484)
    Dennis C. Ehlers (#478721)
    McManus, Schor, Asmar & Darden, LLP
    1155 15th Street, N.W.
    Suite 900
    Washington, D.C. 20005
    Telephone:  (202) 296-9260
    Facsimile:  (202) 659-3732

March 2, 2006

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing Motion to Dismiss and

Memorandum of Law of Defendants Bilhar International Establishment, Bill Harbert Inter-

national Construction, Inc., and Bill L. Harbert and proposed Order were served electronically

this 2nd day of March 2006 on:

     Christopher M. McNulty
     King & King, Chartered
     3033 N. Dickerson St.
     Arlington, Virginia 22207.
     Counsel for Plaintiff

       and

     Michael J. McManus
     Jeffrey J. Lopez
     DRINKER BIDDLE & REATH LLP
     1500 K Street, N.W.
     Suite 1100
     Washington, D.C. 20005
     Counsel for Harbert International, Inc. and Raymond J. Harbert

                       /s/
                   Dennis C. Ehlers