# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **King & King, Chartered,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| **v.** | ) | **Case No.   06-cv-00324 (JDB)** |
| | ) | |
| **Harbert International, Inc.** *et al*, | ) | |
| | ) | |
| **Defendants** | ) | |
|  | ) | |

## PLAINTIFF'S RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS

_____

# Table of Contents

**PLAINTIFF'S RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS**

**INTRODUCTION AND STATEMENT OF FACTS** . . . . . . . . . . . . . . . . . . . . . . . . 1

**ARGUMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    **I. Introduction And Legal Standard** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    **II. Plaintiff's Claims Are Not Barred By The Statute of Limitations** . . . . . . 4

    **III. Plaintiff Has Adequately Alleged HII Breached The Contingency Fee Agreement And The Absence Of An Affirmative Recovery Is Not An Impediment To Plaintiff's Claims** . . . . . . . . . . . . . . . . . . . . . . . . . 10

    **IV. The Allegations Of The First Amended Complaint Do Support A Claim For Tortious Interference By HII And/or Raymond Harbert** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

    **V. Defendant, Raymond Harbert, May Be Held Personally Liable For The Breach Of Contract And/Or Tortious Interferences Of Defendant, HII** . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

    **VI. The Allegations Of The First Amended Complaint Do Support A Claim For Piercing The Corporate Veil** . . . . . . . . . . . . . . . . . . . . . . 16

    **VII. The First Amended Complaint Does Adequately State A Claim Against Bill Harbert And BHIC For Breach Of Contract** . . . . . . . . 16

    **VIII. Plaintiff Has Sufficiently Pleaded The Claims Of Unjust Enrichment And Implied-In-Fact Contract** . . . . . . . . . . . . . . . . . . . . 18

    **CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

# Table of Authorities

## United States Supreme Court

*Adickes v. S.H. Kress & Co.*,
398 U.S. 144 (1970) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    3-4

*Conley v. Gibson*,
355 U.S. 41 (1957) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    3, 8

*Scheuer v. Rhodes*,
416 U.S. 232 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    3

*U.S. v. Diebold, Inc.*,
369 U.S. 654 (1962) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    4

## United States Court of Appeals for the District of Columbia Circuit

*ACLU Foundation of Southern California v. Barr*,
952 F. 2d 457 (D.C. Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    3

*Bechtel Properties, Inc. v. Blanken*,
299 F. 2d 928 (D.C. Cir. 1962) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    12

*Carribean Broadcasting v. Cable & Wireless PLC*,
148 F. 3d 1080 (D.C. Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    16

*Corwin v. Bresler*,
741 F. 2d 410 (D.C. Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    3

*EEOC v. St. Francis Parochial School*,
117 F. 3d 621, (D.C. Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    3

*Doe v. Dept. of Justice*,
753 F. 2d 1092 (D.C. Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    4

*Firestone v. Firestone*,
76 F. 3rd 1205 (D.C. Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    4

*Francis O. Day Co. v. Shapiro*,
267 F. 2d 669 (D.C. Cir. 1959) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    15

*Kowal v. MCI Communications Corp.*,
16 F. 3d 1251 (D.C. Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    3

*Krieger v. Fadely*,
211 F. 3d 134, 136 (D.C. Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    16

*Labadie Coal Co. v. Black*,
672 F. 2d 92 (D.C. Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    15

*Schuler v. U.S.*,
617 F. 2d 605 (D.C. Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    3

*Smith v. Nixon*,
606 F. 2d 1183 (D.C. Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    4

*Williams v. Mordkofsky*,
901 F. 2d 158 (D.C. Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    10

*U.S. ex rel Williams v. Martin Baker Aircraft Co.*,
389 F. 3d 1251 (D.C. Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    3, 7


**Other U.S. Circuit Courts of Appeals**
*Barter v. Motor Vessel "Blue Cat"*,
372 F. 2d 626 (C.A. Fl 1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    3

*Hospital Bldg. Co. v. Trustees of Rex Hospital*,
511 F. 2d 678 (C.A. NC 1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    3

*Madison v. Purdy*,
410 F. 2d 99 (C.A. Fl 1969) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    3

*Smith v. Gibraltar Oil Co.*,
254 F. 2d 518 (10th Cir. 1958) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    12

*Williams v. Gorton*,
529 F. 2d 668 (C.A. Wash. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    3


**United States District Court for the District of Columbia**
*Arakelian v. National Western Life Ins. Co.*,
755 F. Supp. 1080 (DDC 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    16

*Campbell Ed. v. District of Columbia*,
874 F. Supp. (D.D.C. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    2

*Curaflex Health Services v. Larry M. Bruni, M.D., P.C.*,
899 F. Supp. 689 (D.D.C. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    14

*Doehla Greeting Cards, Inc. v. Summerfield*,
116 F. Supp. 68 (D.D.C. 1953) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

*Lee v. Wolfson*,
265 F. Supp. 2d 14 (D.D.C. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

*M.K. v. Tenet*,
99 F. Supp. 2d 12 (DDC 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   16

*National Railroad Passenger Corp. v. Lexington Insurance Co.*,
357 F. Supp. 2d 287 (D.D.C. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2, 5

*Shalom Baranes Associates, P.C. v. 900 F Street Corp.*,
940 F. Supp. 1 (D.D. C. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

*Rochon v. FBI*,
691 F. Supp. 1548 (DDC 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   16

*U.S. v. BCCI Holdings S.A.*,
980 F. Supp. 21 (D.D.C. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2

*U.S. ex rel Purcell v. MWI Corp.*,
254 F. Supp. 2d 69 (D.D.C. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4


**Other U.S. District Courts**
*Muncaster v. Baptist*,
367 F. Supp. 1120 (D.C. Ala 1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

*Vogelstein v. National Screen Service Corp.*,
204 F. Supp. 591 (D.C. Pa 1962) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3


**District of Columbia Courts**
*Beard v. Edmonson and Gallagher*,
790 A. 2d 541 (D.C. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10

*Camacho v. 1440 Rhode Island Ave. Corp.*,
620 A. 2d 242 (D.C. App. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   15

*Diamond v. Davis*,
680 A. 2d 364 (D.C. App 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

*Fred Ezra Co. v. Pedas,*
682 A. 2d 173 (D.C. App. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     19

*Harris v. Wagshal,*
343 A. 2d 283 (D.C. 1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     15

*Kaushiva v. Hutter,*
454 A. 2d 1373 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     12

*Lawlor v. District of Columbia,*
758 A. 2d 964 (D.C. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     15

*Mackie v. Howland,*
3 App. D.C. 461 (1894) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     12

*News World Communications, Inc. v. Thompson,*
878 A. 2d 1218 (D.C. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     18

*Paul v. Howard University,*
754 A. 2d 297 (D.C. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     19

*Snow v. Capitol Terrace, Inc.,*
602 A. 2d 121 (D.C. App. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     15

*Vuitch v. Furr,*
482 A. 2d 811 (D.C. App. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     15

**State Courts**
*Hoyt v. Wasatch Homes,*
261 P. 2d 927 (1953) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     12

*Mark v. Hahn,*
177 So. 2d 5 (Fl 1965) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     12

*Mercner v. Fay,*
177 A. 2d 481 (NJ 1962) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     12

*Roy v. Huard,*
174 A. 2d 41 (Me 1961) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     12

*Stoll v. Mallory,*
343 P. 2d 970 (Cal. 1959) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     12

*W. R. Campbell Co. v. Peskin*,
328 P. 2d 27 (Cal. 1958) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   12


**Statutes**
12 D.C. Code § 301 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    4


**Treatises And Other Authority**
The Law of Contracts, 4th Ed., Calamari and Perillo, §1128 . . . . . . . . . . . . . . . . . . . . .   11

Restatement 2nd, Contracts, §245 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   11

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **King & King, Chartered,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| **v.** | ) | **Case No.   06-cv-00324 (JDB)** |
| | ) | |
| **Harbert International, Inc. *et al*,** | ) | |
| | ) | |
| **Defendants** | ) | |
| | ) | |

## PLAINTIFF'S RESPONSE AND MEMORANDUM OF LAW IN
## OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS

## INTRODUCTION AND STATEMENT OF FACTS

Defendants, Harbert International, Inc. (HII), Raymond J. Harbert (Raymond Harbert),

Bill L. Harbert (Bill Harbert), Bill Harbert International Construction (BHIC) and Bilhar

International Establishment (BIE)  have moved this Court in two separate motions to dismiss

plaintiff's Complaint in the above – captioned matter, pursuant to Rule 12 (b)(6) of the Federal

Rules of Civil Procedure [FRCP 12 (b)(6)].  Hereinafter, plaintiff, to distinguish between the two

motions, where necessary, will refer to the motion of defendants, HII and Raymond Harbert, as

the "HII Motion" and that of defendants, Bill Harbert, BHIC and BIE, as the "BIE Motion."

When no distinction is necessary, plaintiff will refer to the motions as the "Motions."

The defendants contend (1) that plaintiff's claims are barred by the statute of limitations;

(2) that the breach of contract claim against HII, Bill Harbert and BHIC fails because a condition

precedent to any contractual obligation on the part of HII to pay plaintiff was never satisfied; and

(3) that the allegations of the Complaint do not support a claim for tortious interference by HII or

Raymond Harbert; (4) that the allegations of the Complaint do not support a claim for unjust

enrichment against Bill Harbert and BIE; and (5) that the allegations of the Complaint do not support a claim for breach of contract against Bill Harbert and BHIC.

The pertinent facts underlying plaintiff's claims are set forth in detail in the Complaint, as originally filed and as subsequently amended; both of which are incorporated herein by reference. Accordingly, plaintiff will not burden the Court with a further detailed recitation of the same in this response to defendants' motions.

It is well-established that a  motion to dismiss a complaint admits the truth of the facts as they are pleaded and that the non— moving party is to be granted the benefit of any reasonable inferences that can be derived from the facts alleged, *National Railroad Passenger Corp. v. Lexington Insurance Co.,* 357 F. Supp. 2d 287, 291-292 (D.D.C. 2005); *U.S. v. BCCI Holdings S.A.*, 980 F. Supp. 21 (D.D.C. 1997); *Campbell Ed. v. District of Columbia*, 874 F. Supp. (D.D.C. 1994).  Accordingly, to the extent that the Statement of Facts in defendants' motions have editorialized plaintiffs's allegations, the Court is urged to refer to the Complaint as amended for a true and accurate statement of plaintiffs's allegations.

## ARGUMENT

### I.  Introduction And Legal Standard

It is respectfully submitted that defendants' statements of the standards by which this Court evaluates a motion to dismiss (HII Motion, p. 6; BIE Motion, pp. 2-4) are not an accurate reflection of the rulings in the cases to which defendants refer this Court.  Contrary to the implications to be drawn from the assertions of the defendants, the well-established standard derived from those cases is that dismissal is *inappropriate* unless it appears beyond doubt that plaintiff can prove no set of facts in support of his or her claim which would entitle the plaintiff

to relief, *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *U.S. ex rel Williams v. Martin Baker Aircraft Co.*, 389 F. 3d 1251, 1260 (D.C. Cir. 2004); *Schuler v. U.S.*, 617 F. 2d 605, 608 (D.C. Cir. 1999); *EEOC v. St. Francis Parochial School*, 117 F. 3d 621, 624-625 (D.C. Cir. 1997); *Kowal v. MCI Communications Corp.*, 16 F. 3d 1251, 1276 (D.C. Cir. 1994); *Corwin v. Bresler*, 741 F. 2d 410, 413 (D.C. Cir. 1984).  That dismissal of a complaint is deemed *inappropriate* absent such showing is in accord with the equally well-established standard that motions to dismiss a complaint, prior to an answer, are viewed with disfavor in the federal courts, and are granted sparingly, particularly where to do so would terminate the litigation before the parties have had their day in court, *Williams v. Gorton*, 529 F. 2d 668 (C.A. Wash. 1976); *Hospital Bldg. Co. v. Trustees of Rex Hospital*, 511 F. 2d 678 (C.A. NC 1975); *rev'd. on other grounds*, 425 U.S. 738 (1976); *Muncaster v. Baptist*, 367 F. Supp. 1120 (D.C. Ala 1973), *a'ffd.* 507 F. 2d 1279 (1975), *reh. den.*, 509 F. 2d 576, *cert. den.*, 423 U.S. 849 (1975); *Madison v. Purdy*, 410 F. 2d 99 (C.A. Fl 1969); *Barter v. Motor Vessel "Blue Cat"*, 372 F. 2d 626 (C.A. Fl 1967); *Vogelstein v. National Screen Service Corp.*, 204 F. Supp. 591 (D.C. Pa 1962), *a'ffd.*, 310 F.2d 738 (1962), *cert. den.*, 374 U.S. 840 (1962), *reh. den.* 375 U.S. 873 (1963).

In addition to the standards, to which defendants have made reference, motions for dismissal are not devices for testing the truth of what is asserted or for determining whether the plaintiff can prove what is alleged in his complaint; *i.e.*, the merits of the claims are not a question before the court, *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974);  *ACLU Foundation of Southern California v. Barr*, 952 F. 2d 457, 467 (D.C. Cir. 1991); *Doehla Greeting Cards, Inc. v. Summerfield*, 116 F. Supp. 68, 74 (D.D.C. 1953). Similarly, the court may neither dismiss the suit nor grant summary judgment, where there is a genuine issue of material fact, *Adickes v. S.H.*

*Kress & Co.*, 398 U.S. 144, 153 (1970); *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Smith v. Nixon*, 606 F. 2d 1183, 1187 (D.C. Cir. 1979), *cert. den.* 453 U.S. 912 (1981), *reh. den.* 453 U.S. 928 (1981).

## II.  Plaintiff's Claims Are Not Barred By The Statute of Limitations

Defendants contend that any cause of action for breach of contract against HII, and/or Raymond Harbert, Bill Harbert, BHIC and BIE for tortious interference against HII and/or Raymond Harbert accrued before January 20, 2003, and that, as plaintiff's suit was not filed until January 20, 2006, these claims should be dismissed as barred by the three-year period of limitations prescribed under the law of the District of Columbia, 12 D.C. Code § 301 (7) and (8) (HII Motion, pp. 11-15 and BIE Motion, pp. 4-9).

However, determining when a cause of action accrued is a question of fact, and dismissal of a claim on statute of limitations grounds is only appropriate when no reasonable person could disagree on the date on which the cause of action accrued, *Lee v. Wolfson*, 265 F. Supp. 2d 14, 19 (D.D.C. 2003); *U.S. ex rel Purcell v. MWI Corp*., 254 F. Supp. 2d 69, 73 (D.D.C. 2003); *Diamond v. Davis*, 680 A. 2d 364, 370 (D.C. App 1996).  Dismissal should be granted "only if the complaint on its face is *conclusively* time-barred.", *Firestone v. Firestone,* 76 F. 3rd 1205, 1209 (D.C. Cir. 1996); *Doe v. Dept. of Justice*, 753 F. 2d 1092, 1115 (D.C. Cir. 1985).

In their motion, defendants, HII and Raymond Harbert mischaracterize the basis of plaintiff's breach of contract claim; asserting that it alleges that the claim is based on HII's decision not to ratify the reinstatement of the appeals before the ASBCA (HII Motion, pp. 12-14).  No citation to the Complaint is provided in support of this assertion.  In contrast, the Complaint alleges a breach of contract by HII arising out of its failure to pay plaintiff the

4

contingency fee called for in the fee agreement entered into by Bill Harbert on behalf of HII (First Amended Complaint, Pars. 36 and 38).  Such failure to make payment to plaintiff constitutes a breach of contract under District of Columbia law, *Shalom Baranes Associates, P.C. v. 900 F Street Corp.*, 940 F. Supp. 1, 5 (D.D. C. 1996), which occurred long after January 20, 2003 (First Amended Complaint, Pars. 36 and 38).

In undoubted recognition that a breach of contract claim based on HII's failure to have made payment to plaintiff would not be conclusively barred by the statute of limitations on the face of the Complaint, defendants, HII and Raymond Harbert, contend that any breach of contract claim against HII must have accrued in November 2002 when Raymond Harbert refused to ratify the reinstatement of the appeals at the hearing before the ASBCA at that time (HII Motion, pp. 13-14). Defendants correctly note that under District of Columbia law, an action for breach of contract may accrue when one party has repudiated the contract.  However, in addition to the requirement for the repudiated party to have communicated unequivocally and positively its intention not perform, as set out in the cases cited by defendants (HII Motion, pp. 11-12), any such repudiation would have only started the running of the statute limitations if plaintiff, as the promisee, had chosen to treat the repudiation as a present breach in November 2002, *National Railroad Passenger Corp. v. Lexington, supra*, at page 294.  The Complaint is devoid of any allegations of fact that would even suggest, much less support, a conclusion or inference that plaintiff chose to treat any of the acts or omissions by HII or its representatives at the hearing before the ASBCA or thereafter as giving rise to a breach prior to January 26, 2003.

In this same regard, defendants' contentions in this connection must fail in any respect, since, contrary to defendants' assertion, the Complaint contains no allegation that Raymond

Harbert *unequivocally* indicated his refusal to reinstate the appeals at the hearing before the

ASBCA (HII Motion, pp. 11-12).  On the contrary, the ASBCA obviously did not view his

testimony in this regard as constituting an unequivocal and positive intention not to ratify

reinstatement of the appeals; but merely suspended its proceedings in November 2002, pending

further advice from Raymond Harbert, (First Amended Complaint, Par. 32), and subsequently

issued an order addressed to plaintiff and Government counsel under date of December 20, 2002

providing HII with an additional 30 days from receipt of such order, within which to

unconditionally ratify the reinstatement of the appeals or show cause why the appeals should not

be dismissed (First Amended Complaint, Par. 32).  The order by the ASBCA was received by

plaintiff on December 27, 2003, and, accordingly, the time within which HII was given to

unconditionally ratify the reinstatement of the appeals did not expire until January 26, 2003; 30

days after receipt of the order (First Amended Complaint, Par. 32).  The First Amended

Complaint also pleads additional facts which further undermine defendants' assertion that

Raymond Harbert unequivocally refused to ratify the reinstatement of the appeals at the

November 2002 hearing, or that Raymond Harbert unequivocally and positively communicated

his intention not to perform at that time (HII Motion, pp. 11-12).  If, as defendants appear to

concede in their motion, an unequivocal decision by Raymond Harbert to refuse to ratify the

reinstatement of the appeals would give rise to a breach of contract by HII, that decision was not

made until January 26, 2003, when the time granted by the order of the ASBCA of December 20,

2002 elapsed.  Plaintiff filed its Complaint on January 20, 2006, within three years on January

26, 2003, and, accordingly, plaintiff's breach of contract claim against HII is not barred by the

statute limitations.

Defendants', HII and Raymond Harbert, motion includes a new argument not made in its previous motion. Defendants now contend that its March 2002 letter in response to plaintiff's letter sent directly to defendant, Raymond Harbert, was a repudiation of plaintiff's contract with defendant, HII (First Amended Complaint, Par. 26). The letter is not presently before the Court and thus in order for defendants to prevail, the facts pleaded in the First Amended Complaint must conclusively establish that defendant's March 2002 letter constituted a repudiation of the contract. It is respectfully submitted that defendants fall well short of the required mark. In order to support defendants' argument, inferences, adverse to plaintiff would have to be made, which is not permitted, *U.S. v. Martin-Baker Aircraft, supra*, page 3. The amended complaint alleges facts from which it can be inferred that defendants' position with respect to whether plaintiff represented it, is at worse equivocal in this respect. The inference to be drawn in favor of plaintiff from the facts pleaded, as the Court must do, is supportive of plaintiff, "The letter from the Spriggs firm did not contend that HII was not properly the appellant in the appeals before the ASBCA, or that plaintiff was not authorized to represent HII in connection with the Kwajalein claims and appeals" (First Amended Complaint, Par. 26). Plaintiff has made no further allegations with respect to defendant's, HII, letter. Nothing in the amended complaint can be said, with respect to the March 2002 letter, to represent a repudiation of plaintiff's contract with defendant, HII, unless one strains to draw inferences adverse to plaintiff. Accordingly, defendants' arguments must fail. The same is true with respect to all of the factual assertions made in support of defendants, HII and Raymond Harbert, at pages 12-14 of the HII motion.

At page 14 of the their motion defendants decry the allegations added in the amended complaint concerning the defendants' continued equivocation after the November 2002 hearing,

7

stating in a footnote that plaintiff should at least be required to make a more definitive statement with respect to same. However, the rules of pleading place no such burden on plaintiff. Under the Federal Rules of Civil Procedure plaintiff need plead only sufficient detail to provide notice to the defendants of plaintiff's claim or claims, *Conley v. Gibson, supra*, page 3, at pages 47-48.

The HII motion also introduces the argument that it was the ASBCA, not the defendants that caused the damages plaintiff has suffered. This argument erroneously assumes the ASBCA could proceed on the basis proposed by defendants, Raymond Harbert and HII and that defendants can dictate to the ASBCA what procedures it may adopt or employ.

In the beginning of the middle paragraph at page 10 of their motion, defendants, HII and Raymond Harbert, make the following statements: "Without specifying its reasons, the ASBCA determined that the ratification of the appeals provided by HII and Raymond Harbert was not sufficient and chose to dismiss the appeal. Moreover, the ASBCA order did not articulate why the conditions offered by HII to remain as appellant in the ASBCA proceedings for all purposes was insufficient." Defendants' statements are clearly misleading. The order is not before the Court, and thus should not be considered, but the ASBCA administrative judge clearly advised defendants, Raymond Harbert and HII that an unconditioned ratification of the reinstatement was necessary to provide the ASBCA with jurisdiction to consider the then pending motion to substitute, defendant, BIE as the appellant in place of defendant, HII. This fact has been clearly pleaded (First Amended Complaint, Par. 32). The facts as pleaded clearly support plaintiff's claim that it was defendants, HII and Raymond Harbert, who caused the appeals to be forfeited.

Defendants, Bill Harbert, BIE and BHIC, include two new factual arguments with respect to defendants' assertions regarding the statute of limitations. At page 6 of the BIE Motion,

defendants contend that plaintiff should have known as early as September 2001 that its contract

with the defendants had been breached.  This argument is based on contentions that plaintiff

knew it had no authority to reinstate the appeals and that defendant, Bill Harbert, had no

authority to represent HII, etc.  None of these facts are pleaded in the First Amended Complaint

and thus must be inferred, which is not permitted in the circumstances of a FRCP Rule 12 (b)(6)

motion, *supra*, pages 3-4.

The contention that plaintiff knew as of September 2001, that defendant, Bill Harbert had

no affiliation with, and thus presumably no authority to act for, HII requires even more than an

inference because plaintiff has expressly pleaded that it had no such knowledge (First Amended

Complaint, Pars. 9, 18, 19, 20 and 34).  The strongest expression of this fact appears in paragraph

9 of the First Amended Complaint, which pleads in pertinent part: "At all times subsequent to the

creation of HII in 1981, plaintiff reasonably believed that it had been engaged by and was

providing legal services to defendant, HII, in respect to each of these international construction

projects.  None of the defendants, nor any other entity or individual ever did or said anything to

plaintiff to counter plaintiff's belief in this regard until the Spring of 2002."

Nor are plaintiff's claims against defendants, HII and Raymond Harbert for tortious

interference barred by the three-year statute of limitations.

As noted by defendant, plaintiff's cause of action in this regard would have accrued at the

time it suffered the alleged injury (HII Motion, p. 14).  Again defendant has ignored the factual

issue raised as to when plaintiff suffered the injury alleged, *supra*, page 3.  As with the breach of

contract claims, the injury suffered by plaintiff in this regard arises out of the continuing

hindrances and interferences of HII and/or Raymond Harbert to plaintiff's efforts to prosecute the

appeals, which culminated in the decision by Raymond Harbert not to ratify the reinstatement of

the appeals before the ASBCA (First Amended Complaint, Pars. 26, 32 and 35).  While the

tortious interferences of HII and/or Raymond Harbert may have begun in the spring of 2002, they

did not result in actual injury to plaintiff until January 26, 2003, when Raymond Harbert and/or

HII decided to forfeit the appeals/claims before the ASBCA.  Under District of Columbia law, a

claim for tortious injury accrues when the plaintiff/claimant suffers *actual* injury/damage,

*Williams v. Mordkofsky*, 901 F. 2d 158, 162 (D.C. Cir. 1990).  Even the case law cited by

defendant, HII, establishes that under District of Columbia law in continuing tort cases, even if

the statute of limitations has begun to run, a plaintiff may still recover for injuries attributable to

the part of the continuing tort that was committed within the limitations period, *Beard v.*

*Edmonson and Gallagher*, 790 A. 2d 541, 548-549 (D.C. 2002).

    As the decision by Raymond Harbert and/or HII not to ratify the reinstatement of the

appeals before the ASBCA, and, thus, to forfeit the same was not made until January 26, 2003,

*supra*, pages 5-6, plaintiff's claim filed on January 20, 2006 for tortious interference by HII

and/or Raymond Harbert in that regard is not barred by the three-year statute of limitations.


### III.  Plaintiff Has Adequately Alleged HII Breached The Contingency Fee Agreement And The Absence Of An Affirmative Recovery Is Not An Impediment To Plaintiff's  Claims

    In their respective motions to dismiss defendants contend that plaintiff is not entitled to

recover because a successful recovery on the Kwajalein claims did not occur.  Defendants'

argument overlooks the fact that it was defendants' own acts or omissions that prevented the

appeals from going forward and precluded plaintiff from achieving an affirmative recovery (First Amended Complaint, Par. 32, 34 and 42). It is axiomatic that, where a defendant's own conduct has prevented or hindered the plaintiff from performing a condition precedent to the defendant's obligation to perform, the plaintiff's non-performance is excused and it may recover on the contract, The Law of Contracts, 4th Ed., Calamari and Perillo, §1128. See also Restatement 2nd, Contracts, §245, as follows:

> Where a party's breach by non-performance contributes materially to the non-occurrence of a condition of one of his duties, the non-occurrence is excused.

The Restatement 2nd, Contracts, §245 also states:

> Where a duty of one party is subject to the occurrence of a condition, the additional duty of good faith and fair dealing imposed on him under § 205 may require some co-operation on his part, either by refraining from conduct that will prevent or hinder the occurrence of that condition or by taking affirmative steps to cause its occurrence.

Defendant, Raymond Harbert, has admitted that HII was obligated to cooperate with defendant, Bill Harbert, and facilitate his efforts in the claim process on the Kwajalein contracts (First Amended Complaint, Pars. 19 and 29). It is respectfully submitted that it can be reasonably inferred that ratification of the reinstatement of the appeals arising out of the Kwajalein contracts was within the parameters of such obligation of HII to cooperate with and facilitate Bill Harbert's efforts in the Kwajalein claim process, particularly as Raymond Harbert had signed and certified the claim by HII for $12,856,605 submitted to the Government's Contracting Officer in January 1994 (First Amended Complaint, Par. 16).

Contrary to defendant's contentions (HII Motion, pp. 7-9), there is ample case law requiring the payment in whole, of contingency fees, where the defendant's own conduct or lack of action was the cause of, or precluded achievement of conditions precedent in the contract between the parties, *e.g.*, *Bechtel Properties, Inc. v. Blanken,* 299 F. 2d 928 (D.C. Cir. 1962); *Smith v. Gibraltar Oil Co.*, 254 F. 2d 518 (10th Cir. 1958); *Mark v. Hahn*,177 So. 2d 5 (Fl 1965); *Mercner v. Fay,* 177 A. 2d 481 (NJ 1962); *Roy v. Huard*, 174 A. 2d 41 (Me 1961); *Stoll v. Mallory*, 343 P. 2d 970 (Cal. 1959); *W. R. Campbell Co. v. Peskin*, 328 P. 2d 27 (Cal. 1958); *Hoyt v. Wasatch Homes*, 261 P. 2d 927, 930 (1953).

District of Columbia law permits a lawyer discharged by a client prior to full performance, to collect a contingent fee in full if the lawyer has substantially performed, *Kaushiva v. Hutter*, 454 A. 2d 1373 (1983).  See also *Mackie v. Howland*, 3 App. D.C. 461 (1894).  Accordingly, plaintiff, on the facts pleaded in the complaint either in its original Complaint or as amended, is not barred from the relief claimed (Complaint, Pars. 13, 16 and 33; First Amended Complaint, Pars. 13, 16, 33 and 34).  It is submitted that defendant's arguments to the contrary would "turn the law on its head."  In summary, defendant, as it must, admits that plaintiff did all that was required of it under the contingency fee agreement over a period of many years, and recovery from the Government on the claims was made impossible solely by breaches of contract and tortious acts and omissions of the defendants, but, defendant, nevertheless incurred no liability or obligation to pay the contingency fee because plaintiff failed to achieve a recovery on the claims.  Plaintiff has never failed to abide by the decisions of the client in this case, although defendants' actions and omissions essentially clouded plaintiff's understanding and misled plaintiff in respect to whom really was its client (First Amended Complaint, Pars. 9,

12, 13, 16, 19, 20, 26 and 43).  Plaintiff does not contend that HII could not decide to forfeit the

Kwajalein claims, but only that, in the circumstances here present, it could not do so without

incurring liability to plaintiff for the contingency fee.

### IV.  The Allegations Of The First Amended Complaint Do Support<br>A Claim For Tortious Interference By HII<br>And/or Raymond Harbert

Defendants' contentions as to recovery on the claims as a condition precedent to

plaintiff's right to payment have been previously discussed, and the fallacies and injustice and

inequity in the position argued by defendant need not be re-stated in connection with the re-

assertion of the same at pages 11-12 of HII's Motion, *supra*, pages10-12.

The Complaint alleges that HII and Raymond Harbert tortiously interfered with plaintiff's

efforts to effectively pursue the Kwajalein appeals on behalf of HII and/or "BIE" (Complaint,

Par. 38; First Amended Complaint 42).  While plaintiff reasonably believed it had been engaged

by HII and that its efforts in respect to the preparation and prosecution of the Kwajalein claims

and appeals were on behalf of that corporation (First Amended Complaint, Par. 34),

unbeknownst to plaintiff, HII had sold its interests to defendant, Bill Harbert, and had agreed that

any and all recoveries on those claims would be for the sole benefit and account of HIE (First

Amended Complaint, Pars. 19-20).  However, as the Kwajalein contracts had all been awarded to

HII, the sale agreement further stated that HII would provide assistance necessary for defendant,

Bill Harbert, to maintain and prosecute any Kwajalein claims and appeals to final resolution in

the name of HII, but at the sole expense of defendant, Bill Harbert.  The agreements between HII

13

and Bill Harbert in this regard were all unknown to plaintiff (First Amended Complaint, Pars. 19-20).

While defendant, Raymond Harbert, seeks to avail himself of the legal principle that one cannot tortiously interfere with a contract to which he is a party, the Court will note that defendants are nevertheless reluctant to admit to any contractual arrangement between HII and plaintiff, stating a willingness to accept "for purposes of this motion" that such an agreement existed (HII Motion, p. 18). More importantly, the arguments advanced by defendants in this regard would not in any event bar plaintiff's cause of action for tortious interference by HII and Raymond Harbert with any contract between plaintiff and defendants, Bill Harbert and BIE, *Curaflex Health Services v. Larry M. Bruni, M.D., P.C.*, 899 F. Supp. 689, 694 (D.D.C. 1995) and authorities cited therein. As discussed more fully hereinafter, an implied-in-fact contract may have existed between plaintiff and defendants, Bill Harbert, and BIE, *infra*, pages 14-16.

### V.  Defendant, Raymond Harbert, May Be Held Personally Liable For The Breach Of Contract And/Or Tortious Interferences Of Defendant, HII

Defendant, HII's, motion also includes arguments to the effect that defendant, Raymond Harbert, cannot be held personally liable in this case because his actions were taken as an officer of defendant, and HII (HII's Motion, pp. 17-20). The facts as set forth in the First Amended Complaint do not to provide any basis upon which to infer what capacity defendant, Raymond Harbert, was acting in respect to his interference with plaintiff's efforts to bring the Kwajalein claims to a successful conclusion or in his refusal to ratify the reinstatement of the appeals before

14

the ASBCA. In what capacity he was acting and what his motivation may have been and/or the reasons for his actions present questions of fact that cannot be answered on the face of the Complaint, as originally pled or as amended. Defendant's arguments are clearly based on inferences it would draw unfavorable to plaintiff from the allegations in the First Amended Complaint. As defendants concede, the First Amended Complaint is to be construed liberally in plaintiff's favor and plaintiff is to be granted the *benefit* of all inferences that can be derived from the facts alleged (HII's Motion, p. 6). Further, as defendants also admit; the Court may consider only the facts alleged in the Complaint, any documents attached to or incorporated in the Complaint and matters of which the Court may take judicial notice (HII's Motion, p. 6).

Moreover, defendants are in error in their basic contention, in any event. Under District of Columbia law, corporate officers may be personally liable for tortious acts allegedly committed on behalf of the corporation, even when acting within the scope of their authority, *Lawlor v. District of Columbia*, 758 A. 2d 964, 974-977 (D.C. 2000); *Camacho v. 1440 Rhode Island Ave. Corp.*, 620 A. 2d 242, 246-245 (D.C. App. 1993); *Snow v. Capitol Terrace, Inc.*, 602 A. 2d 121, 127 (D.C. App. 1992); *Vuitch v. Furr*, 482 A. 2d 811, 821 (D.C. App. 1984). In instances, where a corporation such as defendant, HII, is dominated by an individual, and an element of unfairness exists, such as the presence of inadequate capitalization or misrepresentations or the failure to adhere to corporate formalities; the corporate veil may be pierced and the individual corporate officer, shareholder or corporate representative may be held personally liable for actions allegedly taken on behalf of the corporation, *Labadie Coal Co. v. Black*, 672 F. 2d 92, 97, 99-100 (D.C. Cir. 1984); *Vuitch, supra*; *Harris v. Wagshal*, 343 A. 2d 283 (D.C. 1975); *Francis O. Day Co. v. Shapiro*, 267 F. 2d 669 (D.C. Cir. 1959).

15

For the reasons stated above, the dismissal of plaintiff's claim against defendant, Raymond Harbert, for tortious interference, would be inappropriate at this time.

## VI.  The Allegations Of The First Amended Complaint Do Support A Claim For Piercing The Corporate Veil

As noted above, District of Columbia law permits piercing the corporate veil in the circumstances plaintiff has alleged exist in this case.  Defendants', Raymond Harbert and HII, contentions that plaintiff has failed to plead any facts in this respect is simply erroneous.  Facts relating specifically to this claim are either pleaded directly or can be inferred from paragraphs 16, 19, 20, 26, 30, 31, 34 and 43 of the First Amended Complaint.  Furthermore, it is well established that under the Federal Rules of Civil Procedure, plaintiffs need plead only sufficient facts to provide defendants with notice of the claim.  Detailed factual allegations are not required and facts can be inferred, *Krieger v. Fadely*, 211 F. 3d 134, 136 (D.C. Cir. 2000) *on remand* 199 F.R.D. 10 (DDC 2001); *Carribean Broadcasting v. Cable & Wireless PLC*, 148 F. 3d 1080, 1085-1086 (D.C. Cir. 1998); *M.K. v. Tenet*, 99 F. Supp. 2d 12, 23 (DDC 2000) and cases cited therein; *Arakelian v. National Western Life Ins. Co.*, 755 F. Supp. 1080, 1085 (DDC 1990); *Rochon v. FBI*, 691 F. Supp. 1548, 1564 (DDC 1988).  Plaintiff has sufficiently pleaded a claim for piercing the corporate veil.

## VII. The Complaint Does Adequately State A Claim Against Bill Harbert And BHIC For Breach Of Contract

The contentions advanced by defendants, Bill Harbert and BHIC, that, with regard to plaintiff's alternative theory, the Complaint fails to state a claim for breach of contract against

16

those defendants are not worthy of serious consideration.  Unbeknownst to plaintiff, it appears that in 1991, defendant, HII had sold its interest in the Kwajalein contracts and claims to Bill Harbert.  Moreover, prior to that time, HII had taken some action to make an assignment of the Kwajalein contracts to HIE for the benefit of Bill Harbert (First Amended Complaint, Pars. 19, 20 and 34).  Neither HII nor Bill Harbert ever revealed these actions to plaintiff prior to 1997 (First Amended Complaint, Pars. 18, 20).  On the contrary, Bill Harbert and HII actively misrepresented the facts throughout the period from July 1990 to 1997 by repeatedly submitting claims to the United States Contracting Officer in the name of HII, as the contractor to whom payment was due, and in the instance of the claim for $12,856,605 executing the statutorily required certification that HII was the claimant, that the claim was made in good faith, and that the amount claimed reflected the adjustment for which HII believed the Government was liable (First Amended Complaint, Pars. 14 and 16).

In the event that it is determined that plaintiff was not actually working for HII then throughout the entire period from December 1991, defendant Bill Harbert, knew that plaintiff's legal services in respect to the preparation and prosecution of the Kwajalein claims were actually being performed for his benefit, or the benefit of BHIC and/or BIE; but at no time did he take any action to inform plaintiff of the true situation and was content to permit plaintiff to continue with its Kwajalein claims efforts in the belief that it had been engaged by and was working for the benefit of HII; a belief that defendant, Bill Harbert was directly responsible for having created in plaintiff's mind.

Defendants, Bill Harbert and BHIC are liable to plaintiff for breach of contract because, *inter alia*, Bill Harbert executed the fee agreement on behalf of BHIC, and, in a subsequent letter

17

of June 18, 2002, defendant, Bill Harbert, promised that he personally would honor the commitment to pay for plaintiff's legal services (First Amended Complaint, Par. 34).  Plaintiff made demand upon defendant, Bill Harbert, pursuant to the agreement and his promise of June 18, 2002; but no payment has been received by plaintiff to date (First Amended Complaint, Pars. 35 and 39).

At page 10 of the BIE Motion, defendants complain the fee agreement has not been provided with the First Amended Complaint, but cite no authority for the proposition that the First Amended Complaint must be dismissed pursuant to FRCP Rule 12 (b)(6) due to its absence. Pursuant to the authority cited previously, *supra*, pages it is patent that no such requirement exists and defendants' contentions must fail.

### VIII.  Plaintiff Has Sufficiently Pleaded The Claims Of Unjust Enrichment And Implied-In-Fact Contract

Under District of Columbia law, unjust enrichment occurs when a benefit is conferred, the benefit is retained and, in the circumstances, retention of the benefit without compensation is unjust, *News World Communications, Inc. v. Thompson*, 878 A. 2d 1218, 1222 (D.C. 2005). Plaintiff's principal allegation is that at all times it reasonably believed it was working on behalf of defendant, HII, but if it is determined that plaintiff was actually working on behalf of defendants Bill Harbert and/or BIE, then in the circumstances, it should be permittted to recover against Bill Harbert and/or BIE (First Amended Complaint, Pars. 16, 19,20, and 40).

Any misapprehensions on plaintiff's part as to its client was derived solely from the deceptive acts of the Harbert entities and their representatives, and defendants, Bill Harbert and BIE should not be permitted to escape any liability to plaintiff on the theory that plaintiff was

18

working for HII, while HII contends that it sold its interests in the Kwajalein contract claims to

defendant, Bill Harbert and HIE in 1991. The injustice and inequity of the positions advanced by

defendant is self-evident. It is respectfully submitted that the facts alleged in the Complaint are

sufficient to support a claim in the alternative, based on the theory that Bill Harbert and BIE have

received and retained the benefit of plaintiff's services, and that it would be unjust of them to

retain such benefit without compensating plaintiff for the benefits conferred, particularly as

defendant, Bill Harbert expressly promised personally to pay for such services, *supra*, page 14.

The elements of an implied in fact contract under District of Columbia law are (1)

valuable services rendered, (2) to the party sought to be charged, (3) which were accepted by that

party, and (4) under circumstances which reasonably notified the party sought to be charged that

the person rendering the services expected to be paid for the services, *Paul v. Howard University*,

754 A. 2d 297, 311 (D.C. 2000); *Fred Ezra Co. v. Pedas*, 682 A. 2d 173, 176 (D.C. App. 1996).

All of these elements have also been pleaded by plaintiff against defendants, Bill Harbert and

BIE (First Amended Complaint, Pars. 16, 19, 20, 40 and 41). The fact that plaintiff may have

been misled by the defendants into believing its services were on behalf of defendant, HII, when

in fact plaintiff may have actually been providing services on behalf of defendants, BIE and/or

Bill Harbert is of no consequence. The actual party for whom plaintiff's services rendered,

whether it was defendants, BIE and/or Bill Harbert, was known or should have been known to

those defendants. Accordingly, as all elements required to establish claims for both unjust

enrichment and/or a contract implied- in-fact have been sufficiently pleaded by plaintiff, the

motion of defendants, Bill Harbert, BHIC and BIE, to dismiss these claims should not be granted.

19

**CONCLUSION**

For the reasons stated, plaintiff respectfully requests that the motions to dismiss of

defendants, HII, Raymond Harbert, Bill Harbert, BIE and BHIC be denied.


Respectfully submitted,

King & King, Chartered

By: _____/s/_____
      Christopher M. McNulty
      D.C. Bar No. 362550

      Attorney for Plaintiff, King & King,
      Chartered