UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **King & King, Chartered,** ) | |
| ) | |
| Plaintiff ) | |
| v. ) | Case No.  06-cv-00324 (JDB) |
| ) | |
| **Harbert International, Inc.** *et al*, ) | |
| ) | |
| Defendants ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Plaintiff, King & King, Chartered, by this motion seeks leave to amend its complaint for a second time pursuant to Rule 15 (a) of the Federal Rules of Civil Procedure.  Counsel for plaintiff has discussed its motion with counsel for defendants. Counsel for defendants, Bill Harbert, Bill Harbert International Construction, Inc. and Bilhar has advised these defendants have no objection to the proposed amendment.  Counsel for defendants Raymond Harbert and Harbert International, Inc. advised they object to the proposed amendment and will oppose the motion for leave.

The purpose of the amendment is to clarify the Complaint to ensure that defendants will not be surprised or prejudiced in any way in defending against plaintiff's claims.  Plaintiff requests the opportunity for oral argument.

**Memorandum**

Pursuant to FRCP 15 leave to amend shall be freely granted when justice so requires. The Supreme Court has interpreted FRCP 15 to mean that leave should be granted liberally to

ensure litigants have their cases decided on the merits and not upon legal technicalities, *Foman v. Davis*, 371 U.S. 178, 182 (1962). This Court has stated that leave to amend should be granted unless there is a clear and solid justification for denying leave, *Resolution Trust Corp. v. Gardner*, 798, F. Supp. 790 (DDC 1992), citing *Monroe v. Williams*, 705 F. Supp. 621, 623 (DDC 1988). The Court of Appeals for the D.C. Circuit has also stated that only limited circumstances justify a district court's refusal to grant leave to amend. Examples of such circumstances include, undue delay, bad faith on the part of the movant or undue prejudice to the opposing party, *Firestone. V. Firestone,* 76 F. 3d 1205, 1208 (D.C. Cir. 1996); *Sinclair v. Kleindienst*, 645 F. 2d 1080 (DDC 1981), *app. after remand*, 711 F. 2d 291 (1983), *app. after remand*, 916 F. 2d 1109 (USCA 6th Cir. (1990).

    It is respectfully submitted that there is no clear and solid justification for denying leave to amend in this instance. There has been no undue delay on plaintiff's part. The Complaint was filed in late January 2006 and the case is in its earliest stages; the defendants have yet to answer the Complaint. There is no evidence or *indicia* of bad faith on plaintiff's part. Nor is there undue prejudice to defendants or added burden to the Court. No additional facts will be added by the amended complaint should leave be granted. Thus the amended complaint should not increase the work required of defendants to defend themselves. Discovery has not started, no scheduling order or trial date is pending so no adjustment to same is necessary should leave be granted, *Risteen v. Youth For Understanding, Inc.,* 245 F. Supp. 2d 1, 4-5 (DDC 2002).

For the foregoing reasons, the Court should grant Plaintiff's Motion For Leave To File A Second Amended Complaint.

                                                    Respectfully submitted,

                                                    King & King, Chartered

By:        /s/
     Christopher M. McNulty
     D.C. Bar No. 362550

Attorney for Plaintiff,
King & King, Chartered
c/o 3033 N. Dickerson Street
Arlington, Virginia 22207
Tel: (703) 237-4576