IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KING & KING, CHARTERED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 1:06-cv-00324 (JDB) |
| HARBERT INTERNATIONAL, INC., | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS BILHAR INTERNATIONAL ESTABLISHMENT,
BILL HARBERT INTERNATIONAL CONSTRUCTION, INC., AND
BILL L. HARBERT'S OPPOSITION TO PLAINTIFF'S MOTION FOR
LEAVE TO FILE SECOND AMENDED COMPLAINT**

Defendants Bilhar International Establishment ("BIE"), Bill Harbert International

Construction, Inc. ("BHIC") and Bill L. Harbert ("Bill Harbert"), by and through counsel, hereby

submit their opposition ("Opposition") to Plaintiff King & King, Chartered's ("Plaintiff" or

"King & King") Motion for Leave to File Second Amended Complaint ("Motion") and state as

follows:

**I.     DEFENDANTS BIE, BHIC AND BILL HARBERT DID NOT CONSENT TO THE
RELIEF REQUESTED BY PLAINTIFF**

Prior to filing the Motion, counsel for Plaintiff contacted counsel for Defendants BIE,

BHIC and Bill Harbert and requested their consent to a Second Amended Complaint adding one

count seeking damages based on the theory of *quantum meruit*.  Counsel for Plaintiff never

showed counsel for Defendants a draft copy of either the Motion or the proposed Second

Amended Complaint.  Counsel for Defendants BIE, BHIC and Bill Harbert consented with the

understanding that Plaintiff would file an entirely new pleading which differed from the First

Amended Complaint only in the addition of a second count or request for relief[1] seeking

damages under an alternative theory of *quantum meruit* and, perhaps, one or more additional fact

paragraphs to support the additional count.[2]

The amended pleading[3] Plaintiff seeks to file with its Motion does not request damages

under the theory of *quantum meruit*.  It is not at all clear what Plaintiff seeks under ¶ 2 of its

proposed Second Amended Complaint.  The best Defendants can decipher from the vague,

inartfully worded ¶ 2 is that Plaintiff is requesting reformation of the alleged fee agreement

between Plaintiff and one or more Defendants.[4]

Defendants reach this conclusion from the two statements regarding fees in ¶ 2.  In the

first sentence, Plaintiff admits the existence of a controlling fee agreement[5] by stating that

"plaintiff was working on behalf of defendants *pursuant to the contingent fee agreement* [under

---

[1] *See* First Amended Complaint, p. 23, ¶ 44 under section entitled "Relief Requested."

[2] The fact that Defendants BIE, BHIC and Bill Harbert consented to Plaintiff's filing of a Second
Amended Complaint does not imply that Defendants believe that a *quantum meruit* count
would be supported by fact or law or otherwise state a claim upon which relief can be granted.  To the
contrary, these Defendants believe that any such count would fail to state a claim upon which
relief can be granted and/or would fail because Plaintiff cannot allege sufficient facts to support
the new claim, especially considering the facts it has already alleged and admitted.  Defendants
BIE, BHIC and Bill Harbert plan to file a new motion to dismiss should the Motion be granted.

[3] Defendants argue below that the pleading attached to the Motion and denominated "Second
Amended Complaint" is not an amended complaint and is procedurally defective.  *See* Section II,
*infra*.

[4] Plaintiff has yet to provide the Court or Defendants a copy of the fee agreement.

[5] Plaintiff's First Amended Complaint, which Plaintiff attempts to incorporate by reference (*see* ¶
1, Second Amended Complaint) also admits the existence of a fee agreement at ¶¶ 34, 36, 38, 39,
40, 41, and 42.

- 2 -

which Plaintiff allegedly] received either no hourly fee, or a substantially reduced hourly fee[6] for its efforts" from February 1995 on. (Emphasis added.) In the last sentence of ¶ 2, Plaintiff claims that it is entitled to be compensated a "reasonable value" for the *same* services during the *same* period. *See Id.* ("Plaintiff is entitled to be compensated in an amount equal to the reasonable value of the services it rendered on behalf of defendants during the period [beginning in] February 1995 . . . .") In other words, now Plaintiff apparently believes that the agreed-upon "reduced hourly fee" was too low and seeks to have the Court rewrite the fee agreement to increase the hourly fee to an amount which provides Plaintiff a "reasonable value of [its] services," whatever that may be. *Id.*

Defendants BIE, BHI and Bill Harbert did not consent to amendment of the pleadings for the purpose of adding a reformation theory of recovery, request for relief, or count. Even if the Court concludes that reformation is not what Plaintiff seeks under ¶ 2, Defendants did not consent to amendment by the addition of this vague paragraph that does not even mention *quantum meruit* and cannot be answered. Rather than "clarify the Complaint to ensure that defendants will not be surprised or prejudiced in any way in defending against [P]laintiff's claims," as Plaintiff asserts, the proposed Second Amended Complaint confuses matters and fails to put Defendants BIE, BHIC and Bill Harbert on notice of what Plaintiff seeks or the basis therefor.

---

[6] Defendants fail to understand how Plaintiff could not know if it was paid or not paid during the referenced time period. The new assertion by Plaintiff that it was not paid an hourly fee for its services directly contradicts Plaintiff's admission in its First Amended Complaint that Plaintiff was paid a reduced hourly rate for all hours worked. *See* First Amended Complaint, ¶ 34.

Defendants BIE, BHIC and Bill Harbert hereby notify the Court that Plaintiff's statement that "these defendants have no objection to the proposed amendment" is not accurate, and that they do not consent, did not consent, and would not have consented to the amended pleading Plaintiff now seeks to file.

Considering that Plaintiff, even after being given the opportunity by Defendants BIE, BHIC and Bill Harbert to add a *quantum meruit* count in a second amended pleading, could not; and given that it has yet to demonstrate that it can offer an amendment effective of a valid claim for relief, the Court should consider exercising its discretion to deny Plaintiff's Motion and move forward on the scheduled hearing on Defendants' Motion to Dismiss the First Amended Complaint. Under the circumstances of this case, such a decision would not be deemed an abuse of discretion. *See Confederate Memorial Association, Inc. v. Hines*, 995 F.2d 295, 299 (D.C. 1993) in which the District of Columbia Circuit reviewed this Court's denial of leave to amend stating:

> We offer two further observations in support of our conclusion that the District Court did not abuse its discretion here. First, appellants effectively have had multiple bites at the apple already. The [new claim sought to be added] was, in effect, a restatement of their previous state court attempt. Second, the law does not require the doing of vain things. As noted above, appellants have yet to demonstrate that they can offer an amendment effective of a valid claim for relief.

For all the above reasons, Defendants BIE, BHIC and Bill Harbert hereby oppose both Plaintiff's Motion and the proposed Second Amended Complaint and request that the Court hold the scheduled hearing on Defendants' Motion to Dismiss.

## II. EVEN IF DEFENDANTS BIE, BHIC AND BILL HARBERT HAD CONSENTED TO THE RELIEF REQUESTED, PLAINTIFF'S MOTION FOR LEAVE AND ATTACHED SECOND AMENDED COMPLAINT ARE PROCEDURALLY DEFECTIVE

Even if Defendants BIE, BHIC and Bill Harbert had consented to the relief requested,

Plaintiff's Motion and attached Second Amended Complaint are procedurally defective and must

be rejected. Unlike Plaintiff's First Amended Complaint, which was a complete, new 23-page

pleading, Plaintiff's Second Amended Complaint is a one-page document that purports to

incorporate by reference the entire First Amended Complaint. *See* Second Amended Complaint

¶ 1 ("Plaintiff adopts and repleads, as if set forth entirely herein, Paragraphs 1-44 and the jury

demand of the First Amended Complaint."). The only other paragraph in the proposed Second

Amended Complaint is the vague and confusing ¶ 2 discussed in Section I, *supra*. This two-

paragraph proposed Second Amended Complaint fails to meet the requirements of L.Civ.R. 15.1

and 7(i) and case law interpreting the Federal Rules.

L.Civ.R. 15.1 and 7(i) both provide,[7] *inter alia*, that "[a] motion for leave to file an

amended pleading *shall* be accompanied by an original of the proposed pleading *as amended*."

(Emphasis added.) The language of L.Civ.R. 15.1 and 7(i) is mandatory and not precatory, and

the inclusion of the words "by an original of the proposed pleading as amended" can only mean

that the attached amended pleading must be a stand-alone pleading and not a cursory one-page

pleading incorporating the prior pleading(s).

Even if these two Local Rules did not exist, there is support for denying Plaintiff's

motion to amend because Plaintiff's failure to attach a copy of the complete proposed

---

[7] L.Civ.R. 7(i) and 15.1 have identical language.

amendment forces the Court and Defendants to compare the proposed amendment to the First

Amended Complaint to determine what changes are to be made. *See Bownes v. City of Gary,*

*Indiana*, 112 F.R.D. 424, 425 (N.D. Indiana, 1986) in which the Court rejected an amended

pleading which apparently was clearer and more detailed than the Second Amended Complaint

Plaintiff proposes:

> Rather than tendering a copy of the proposed amended pleading, [movants have]
> submitted the proposed amendments but failed to incorporate the allegations from
> the original complaint. Common sense dictates that a party requesting leave to
> file an amended pleading must accompany his motion with a copy of the proposed
> amended complaint that complies with the general rules of pleading in Fed. R.
> Civ. P. Rule 8(a). The substance of the proposed amendment must be submitted
> so that the court and the adverse party will know the precise nature of the
> pleading changes being proposed. However, providing only the substance in the
> form of additions and corrections without incorporating them with the allegations
> of the original pleading complicates the task of discerning the substance of the
> pleading as a whole. It forces the court and opposing counsel to thumb through
> the file to search out the relevant portions of the original pleading and compare it
> to the proposed corrections and additions each time they wish to refer to the
> pleading. Attaching a complete copy of the proposed amended pleading imposes
> no severe burden on the moving party and greatly simplifies the process. Indeed,
> it enhances the prompt disposition of the motion for leave to amend and thereby
> benefits the moving party.

Defendants BIE, BHIC and Bill Harbert note that Plaintiff's proposed Second Amended

Complaint does not even indicate which paragraph or paragraphs of the First Amended

Complaint are being amended, or where ¶ 2 of the Second Amended Complaint is to be added in

the language of the First Amended Complaint. Therefore, the Court should exercise its

discretion in denying Plaintiff's Motion and Second Amended Complaint for failure to meet the

requirements of the Local Rules and Fed. R. Civ. P. 8(a).[8]

---

[8] *See also* the discussion of Fed. R. Civ. P. 10 in Wright, Charles Alan and Miller, Arthur R., 5A
*Fed. Prac. & Proc. Civ. 3d* § 1326, in which the authors note that "when an original pleading is
(continued...)

The decision to grant or deny leave to amend is within the Court's discretion and is only reviewed by the District of Columbia Circuit under the abuse of discretion standard. *Kowal v. MCI Communications Corp.*, 16 F.3d 1271 (D.C. 1994). A decision to deny leave to amend where the plaintiff has "failed to tender a proposed amended complaint pursuant to [the local rule]" will be upheld, even if the Court's order lacks any explanation. *See Id.* at 1280 ("These unexcused procedural defaults [including violation of the local rule requiring the tendering of the proposed amended complaint] vitiate any need for the district court to explain why permitting amendment under these circumstances[9] was not in the interest of justice.").

Accordingly, the Court should deny Plaintiff's Motion and move forward on the hearing on Defendants' Motion to Dismiss Plaintiff's First Amended Complaint. At the very least, the Court should reject Plaintiff's proposed Second Amended Complaint as deficient under the Local Rules and Fed. R. Civ. P. 8(a) and require Plaintiff to file a proper second amended pleading adding only one count of *quantum meruit*.

## CONCLUSION

WHEREFORE, Defendants BIE, BHIC, and Bill Harbert respectfully request that the Court deny Plaintiff's Motion for Leave to File Second Amended Complaint and/or reject Plaintiff's proposed Second Amended Complaint.

---

(..continued)
superseded, as it usually is when amended or dismissed, incorporation of its allegations by reference may prove confusing and inconvenient."

[9] In *Kowal*, plaintiffs also failed to file a motion for leave to amend or provide, in their opposition to a motion to dismiss, any indication of the particular grounds on which amendment was sought.

Respectfully Submitted

BILHAR INTERNATIONAL ESTABLISHMENT,
BILL HARBERT INTERNATIONAL
    CONSTRUCTION, INC.,
BILL L. HARBERT

By:_____/s/_____
    Laurence Schor (#11484)
    Dennis C. Ehlers (#478721)
    McManus, Schor, Asmar & Darden, LLP
    1155 15th Street, N.W.
    Suite 900
    Washington, D.C. 20005
    Telephone:  (202) 296-9260
    Facsimile:  (202) 659-3732

May 16, 2006

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing were served electronically this 16th day of May 2006 on:

Christopher M. McNulty, Esq.
King & King, Chartered
3033 N. Dickerson St.
Arlington, Virginia 22207
*Counsel for Plaintiff*

and

Michael J. McManus, Esq.
Jeffrey J. Lopez, Esq.
DRINKER BIDDLE & REATH LLP
1500 K Street, N.W.
Suite 1100
Washington, D.C. 20005
*Counsel for Defendants Harbert International,
Inc. and Raymond J. Harbert*

      /s/
      Dennis C. Ehlers