IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KING & KING, CHARTERED, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HARBERT INTERNATIONAL, INC., )<br>*et al.* )<br>)<br>Defendants. ) | Civil Action No. 1:06-cv-00324 (JDB) |

## OPPOSITION OF DEFENDANTS HARBERT INTERNATIONAL, INC. AND RAYMOND J. HARBERT TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT.

Defendants Harbert International, Inc. ("HII") and Raymond J. Harbert ("Raymond Harbert" or "Mr. Harbert"), by and through counsel, hereby submit this Opposition to Plaintiff's Motion for Leave for File a Second Amended Complaint.[1]

### INTRODUCTION

Having already amended its Complaint once in response to Defendants' initial motion to dismiss, Plaintiff seeks leave to amend its Complaint yet again in a transparent effort to plead around Defendants' Motion to Dismiss the First Amended Complaint, currently scheduled for hearing before the Court on May 24, 2006. This time Plaintiff seeks to include allegations that "it received either no hourly fee, or a substantially reduced hourly fee for its efforts" and asserts

---

[1] As a preliminary matter, and in addition to the substantive reasons for denial set forth below, Plaintiff's Motion for Leave to Amend is procedurally defective, failing to comply with Local Rule 15.1 which requires "an original of the proposed pleading as amended" accompany any motion to amend. Rather than provide a copy of the Complaint showing the proposed amendments, Plaintiff merely attached a single page titled Second Amended Complaint which purported to adopt all of the paragraphs and demand for relief in the First Amended Complaint and then set forth an additional allegations. Ultimately, should the Court grant leave to amend, the Court should require Plaintiff to file a Second Amended Complaint that lists by paragraph all allegations against the defendants.

a claim that Plaintiff "is entitled to be compensated in an amount equal to the reasonable value of the services it rendered on behalf of defendants during the period February 1995 through January 2003." Second Amended Complaint, ¶ 2.

Plaintiff's proposed amendment, which seems to make a claim against all defendants for *quantum meruit* relief,[2] should be denied as futile. First, as set forth in Defendants' Motion to Dismiss, where an attorney is retained to pursue a claim under a contingency fee agreement, the attorney may not recover payment from a client who makes no recovery, via settlement or judgment, on the underlying claim. This legal bar remains whether the attorney subsequently asserts a claim for breach of contract (as pled in the First Amended Complaint) or *quantum meruit* (as proposed in the instant motion). Second, Plaintiff's claim for the "reasonable value" of legal services provided as early as 1995, but only first asserted now, is plainly time barred. The motion for leave to amend should be denied.

## ARGUMENT

I.  **The Motion for Leave to Amend Should Be Denied Because the Proposed Amendment is Futile.**

   A.  ***Quantum Meruit* Recovery Is Unavailable Where An Underlying Contract Exists Between the Parties.**

While Rule 15 of the Federal Rules of Civil Procedure provides that "leave [to amend] shall be freely given when justice so requires", the Court need not do so where, as in this case,

---

[2] Plaintiff's First Amended Complaint does not identify specific Counts against particular defendants, but rather asserts claims in a narrative form. The proposed amendment to the First Amended Complaint is not language to be inserted into the existing allegations in the First Amended Complaint, but rather appended to the end of the document, after the prayer for relief. As such, the allegations are confusing; however, Defendants HII and Raymond Harbert interpret the proposed amendment to assert a new claim for *quantum meruit,* in addition to previous claims for breach of contract (against HII) and tortious interference (against both HII and Mr. Harbert).

2

the proposed amendment is futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Amendment is futile where, even with the proposed amendment, the claim cannot withstand a motion to dismiss. *See Brereton v. Comm'cns Satellite Corp.*, 734 F. Supp. 1085, 1089 (D.D.C. 1990). Plaintiff's proposed amendment in this case is futile because under the facts as pleaded, there is no cognizable claim for *quantum meruit*, and even if there were, it would be barred by the statute of limitations.

There is no legal support for the claim that an attorney who was paid an hourly rate pursuant to a hybrid hourly rate/contingent fee agreement is entitled to the reasonable value of its services when the contingent fee is unrealized. To the contrary, the District of Columbia Court of Appeals has recognized that "there is no need to resort to a quasi-contract claim based on *quantum meruit* if a true contract was in existence at the time of the services performed." *Dale Denton Real Estate, Inc. Fitzgerald*, 635 A.2d. 925, 928 (D.C. 1993). As the Court in Denton explained:

> When parties enter into a contract[,] they assume certain risks with an expectation of return. Sometimes, their expectations are not realized, but they discover that under the contract they have assumed the risk of having those expectations defeated. As a result, they have no remedy under the contract for restoring their expectations. In desperation, they turn to quasicontract (sic) for recovery. This the law will not allow.

*Id.* quoting *Mass Transit Admin. v. Granite Const. Co.*, 57 Md. App. 766, 776, 471 A.2d 1121, 1126 (1984) (further quotation reference omitted).

In this case, Plaintiff has alleged that it had a legal contract with the defendants, pursuant to which it was entitled to receive a contingent fee based on the amount of any recovery on the underlying claim. Plaintiff's recovery is limited to the language of that agreement, and the law does not allow Plaintiff, "in desperation", to seek *quantum meruit* recovery under a quasi-contract theory.

Moreover, the proposed amendment notwithstanding, Plaintiff has conceded that it was paid an hourly fee pursuant to the terms of the alleged contingent fee agreement. "[Plaintiff's demand] includes deductions for amounts previously paid by defendants to plaintiff for the reduced hourly rates plaintiff billed previously under the contingent fee agreement." First Amended Complaint ¶ 34 at 20. Accordingly, Plaintiff has already received compensation for his services, and cannot now claim that he is entitled to a higher hourly rate because there was no recovery by the client. This Court has recognized that:

> [In a contingent fee agreement,] the attorney gambles that the matter will be resolved successfully and that his percentage of his client's recovery will garner him a profit. This is a calculated risk which often pays off. The fee the attorney or law firm earns usually is much higher than if the client had been billed at an hourly rate: "lawyers charge a premium when their entire fee is contingent on winning . . . . The premium added for contingency compensates for the risk of nonpayment if the suit does not succeed . . . ."

*Robinson v. Nussbaum*, 11 F. Supp. 2d 1, 5 n.8 (D.D.C. 1997) (*quoting Pennsylvania v. Delaware Valley Citizens' Council*, 483 U.S. 711, 735–36 (1987)(Blackmun, J., dissenting)). The law provides Plaintiff no grounds for recovering additional sums because a risk inherent in the contingent agreement came to pass.

    **B.**    **Plaintiff's Claim for *Quantum Meruit* Relief Is Time Barred.**

Plaintiff's proposed *quantum meruit* claim is based on the same set of facts and circumstances as Plaintiff's claim for breach of contract. In the District of Columbia, the statute of limitations for contract claims, including *quantum meruit*, is three years. *Union Labor Life Ins. Co. v. Sheet Metal Workers Nat'l Health Plan*, No. 90-2728, 1991 U.S. Dist. LEXIS 13613, at *14 (D.D.C. 1991) (*citing* D.C. Code § 12-301(7)). Because Plaintiff's cause of action at law for breach of contract is barred by the statute of limitations, *See* HII's and Raymond Harbert's Motion to Dismiss First Amended Complaint, at 11–14, Plaintiff's cause of action in equity for

*quantum meruit* is also barred. *See Union Labor*, No. 90-2728, 1991 U.S. Dist. LEXIS 13613, at *14 ("[I]f a legal claim is barred by the statute of limitations then its counterpart in equity is also barred.").

In addition, to the extent that Plaintiff now seeks to allege that it was not paid some amount of the hourly fee allegedly set forth in the hybrid contingent fee agreement for some period of time beginning in 1995 and lasting until January 2003, those claims became stale three years after the work was performed. In complaint and proposed amendments, Plaintiff makes no allegation that it performed work under the hybrid contingency agreement within the three years prior to filing the Complaint in this matter. Accordingly, any such claim is time barred.

## CONCLUSION

For the foregoing reasons, Defendants HII and Raymond Harbert respectfully request that the court deny Plaintiff's Motion for Leave to File a Second Amended Complaint as futile.

Respectfully Submitted

HARBERT INTERNATIONAL, INC.
RAYMOND J. HARBERT

By: _____/s/_____
Michael J. McManus   (#263832)
Jeffrey J. Lopez   (#453052)
DRINKER BIDDLE & REATH LLP
1500 K Street, N.W.
Suite 1100
Washington, D.C. 20005
Telephone: (202) 842-8800
Facsimile: (202) 842-8465

*Attorneys for Harbert International, Inc. and Raymond J. Harbert*

May 16, 2006