UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|                                      |     |                              |
|--------------------------------------|-----|------------------------------|
| **King & King**, Chartered,          | )   |                              |
|                                      | )   |                              |
|     **Plaintiff** | )  |                              |
|                                      | )   |                              |
| v.                                   | )   | Case No. 06-cv-00324 (JDB)   |
|                                      | )   |                              |
| **Harbert International, Inc.**, *et al*, | ) |                           |
|                                      | )   |                              |
|     **Defendants** | ) |                              |

**PLAINTIFF'S REPLY IN OPPOSITION TO DEFENDANTS'
RESPONSES TO PLAINTIFF'S MOTION FOR LEAVE
TO FILE A SECOND AMENDED COMPLAINT**

**The Proposed Amendment Would Not Be Futile**

Defendants, Raymond Harbert and Harbert International, Inc.'s, principal argument against plaintiff's motion and proposed amendment to the Complaint is that the proposed amendment would be futile, citing a well established exception to the rule that leave to amend pleadings should be granted liberally. Accordingly, if the proposed amendment would not be futile, defendants' argument int his respect must fail. According to defendants the proposed amendment would be futile because *quantum meruit* recovery is not available to an attorney retained on a contingent fee basis who is discharged by the client before a recovery for the client is obtained.[1] None of the cases cited by defendants involve the discharge of an attorney under a contingent fee agreement and thus are distinguishable from plaintiff's case factually. More importantly, defendants ignore District of Columbia law, which specifically permits *quantum*

---

[1] Plaintiff has pled that it has substantially performed and that the value of the claim was in excess of $20,000,000. Plaintiff's alternative theory of recovery assumes *arguendo* that plaintiff may fail to persuade the fact finder that it substantially performed.

*meruit* recovery to a discharged contingent fee attorney, *Kaushiwa v. Hutter*, 454 A 2d 1373, 1374-75 (DC 1983) ("Only where an attorney renders less than substantial performance will *quantum meruit* be the appropriate measure of damages"). See also, *Greenberg v. Sher,* 567 A 2d 882, 885-886 (DC 1989); *In Re Waller*, 524 A 2d 748 (DC 1987); *Friedman v. Harris*, 158 F 2d 187 (DC 1946). Indeed, defendants ignore the statements made by this Court in *Robinson v. Nussbaum*, 11 F. Supp. 2d 1, (DDC 1997), which they cited in their opposition to plaintiff's motion. At page 5 of the *Robinson* opinion, Judge Greene stated in pertinent part:

> Generally, an attorney discharged *before settlement or judgement* may not recover from his former client the full amount stated in the contingency fee contract.
>
> * * *
>
> Instead, the discharged attorney's recovery is limited to *quantum meruit*, or the reasonable value of the services already performed. [emphasis added][citation omitted]

It is clear that District of Columbia law permits a discharged contingent fee attorney to recover the full contingent fee if the attorney has substantially performed. However it is also clear that in instances where the discharged attorney has not substantially performed the attorney is entitled to recover the reasonable value of the services provided. Accordingly, there is no basis for finding the proposed amendment would be futile as defendants contend and the proposed amendment to the Complaint should be permitted.

## A Claim For *Quantum Meruit* Is Not Time Barred

Plaintiff does not disagree that the statute of limitations for *quantum meruit* claims under the law of the District of Columbia is three years. However, for precisely the same reasons, set forth previously in opposition to defendants' motions to dismiss with respect to the statute of limitations arguments made therein, plaintiff asserts its alternative theory of recovery, *quantum meruit*, is not time barred. Plaintiff sees no reason to further burden the Court by reiterating, restating , or rehashing these arguments here.

## The Proposed Amendment Complies With The Court's Local Rules

Finally, all of the defendants contend the proposed amendment fails to comply with the Court's Local Rules. Specifically, the requirement under LcvR 15.1 and LcvR 7(I), which require that a motion for leave to amend a pleading be accompanied by an original of the proposed pleading. Defendants do not contend that plaintiff's motion for leave was submitted alone, without a proposed amended pleading. Instead the argument is based on the style of the proposed Second Amended Complaint.

Defendants make several arguments or complaints about the style of the proposed amendment. With respect to the defendants' complaints that the proposed amended complaint is inartfully worded or sets forth a narrative it should be noted that defendants include no authority to support the contentions that this is improper or not permitted under the rules of pleading set forth in the Federal Rules of Civil Procedure (FRCP) and plaintiff is unaware of any such authority[2]. However, the principal argument *vis a viz* the Court's Local Rules appears to lie with

---

[2] Assuming *arguendo* the proposed Second Amended Complaint is inartfully worded.

plaintiff's election to incorporate by reference the First Amended Complaint by its entirety into the Second Amended Complaint. Defendants' argument ignores FRCP Rule 10 (c), which specifically permits pleadings to be incorporated by reference either in a different part of the same pleading or in another pleading, *Federal National Mortgage Association v. Cobb*, 738 F. Supp. 1220, 1226-27 (ND Ind. 1990). Accordingly, the fact that plaintiff has incorporated the first Amended Complaint into the Second Amended Complaint by reference should not be a basis for denying leave to file same.

## Conclusion

The proposed amendment would not be futile as it merely clarifies that plaintiff's First Amended complaint includes an alternative theory of recovery that is recognized in the District of Columbia. Plaintiff's proposed amendment complies with the requirements of the Court's Local Rules and leave should be granted to plaintiff to file its proposed Second Amended Complaint.

Respectfully submitted,

King & King, Chartered

By: _____/s/_____
Christopher M. McNulty
D.C. Bar No. 362550

Attorney for King & King, Chartered
c/o 3033 N. Dickerson Street
Arlington, Virginia 22207
Tel: (703) 237-4576