IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KING & KING, CHARTERED, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Civil Action No. 1:06-cv-00324 (JDB) |
| HARBERT INTERNATIONAL, INC., ) | |
| et al. ) | |
| ) | |
| Defendants. ) | |

**SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT BY DEFENDANTS HARBERT INTERNATIONAL,
INC. AND RAYMOND J. HARBERT**

Defendants Harbert International, Inc. ("HII") and Raymond J. Harbert ("Raymond Harbert" or "Mr. Harbert"), by and through counsel and pursuant to the Court's May 25, 2006 Order, hereby submit this Supplemental Brief in support of their Motion to Dismiss Plaintiff's First Amended Complaint, addressing only the additional allegations of the Revised Second Amended Complaint.[1] ("Second Amended Complaint")

## INTRODUCTION

Plaintiff's Second Amended Complaint includes an additional allegation and seemingly an alternative request for relief, but still fails to state an actionable claim against HII or Raymond Harbert. The new allegation is that "commencing in February 1995, plaintiff was working on behalf of defendants pursuant to the contingent fee agreement, [and] plaintiff received either no hourly fee, or a substantially reduced hourly fee for its efforts." Second Amended Complaint, ¶

---

[1] In its May 25, 2006 Order, the court granted Plaintiff's Motion for Leave to File a Second Amended Complaint. Plaintiff filed a Revised Second Amended Complaint on May 31, 2006, which incorporated in full the allegations of the First Amended Complaint and inserted the new allegations for which leave had been granted as Paragraph 44.

44. Plaintiff's alternative request for relief states that Plaintiff "is entitled to be compensated in an amount equal to the reasonable value of the services it rendered on behalf of defendants during the period February 1995 through January 2003." Id. at ¶ 44.

Plaintiff's request to be awarded "the reasonable value of the services" should be denied and the Second Amended Complaint should be dismissed for several reasons. First, on its face, Plaintiff's claim seeks reformation of the contingent fee agreement, without alleging any of the necessary elements under District of Columbia law. Second, as set forth in Defendants' Motion to Dismiss, where an attorney is retained to pursue a claim under a contingency fee agreement, the attorney may not recover payment from a client who makes no recovery, via settlement or judgment, on the underlying claim. This legal bar remains whether the attorney subsequently asserts a claim for damages under a breach of contract theory or for the reasonable value of services in *quantum meruit*, or under some other quasi-contract theory. Third, Plaintiff's new allegations do nothing to cure the statute of limitations deficiencies; all of plaintiff's claims accrued no later than 2002 and are time barred.

## ARGUMENT

I. **PLAINTIFF'S REVISED SECOND AMENDED COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

   A. **Plaintiff's claim to recover the reasonable value of its services is an improper attempt to reform the contingent fee contract.**

According to the Second Amended Complaint, Plaintiff provided legal services to defendants under a contingent fee agreement, which provided that "plaintiff was to be paid "a reduced hourly fee of $150.00, plus a contingency or success fee of 20% of the first $2,000,000 recovered and 25% of all amounts recovered in excess of $2,000,000", less a credit for the hourly fees paid against any contingency or success fee. Id. at ¶ 34. It is undisputed that no

recovery was ever made on the underlying claim and, at oral argument, Plaintiff conceded that all of "the billings that were made on an hourly basis" were fully paid.[2] *See* Transcript of May 24, 2006 Motions Hearing [hereinafter Hearing] at 46:7–11, attached hereto as Exhibit 1. Plaintiff's claim is therefore for an amount beyond the $150 per hour specified in the contract and already paid to Plaintiff.

Under District of Columbia law, parties are bound to the terms of the contracts they enter. "A party faced with a clear written agreement must allege and prove fraud, duress, or mutual mistake to negate the disputed provision." *Isaac v. First Nat'l Bank*, 647 A.2d 1159, 1162 (D.C. 1994). Here, Plaintiff alleges the existence of a written fee agreement, and the precise terms of the agreement. Second Amended Complaint, ¶ 34. But Plaintiff has not alleged that the fee agreement is the product of fraud, duress, or mistake. Accordingly, it is bound by the terms of the contract and may not recover an hourly fee higher than that specified in the contract.

As Plaintiff has already received full compensation for its services according to the terms of the contract, there is no actionable claim. To be sure, Plaintiff now wishes it had struck a different bargain; however, the law does not permit the Court to rewrite the terms of a contract because one party becomes dissatisfied with the ultimate result. In analyzing the fundamental nature of a contingency fee agreement, this Court has recognized that:

> the attorney gambles that the matter will be resolved successfully and that his percentage of his client's recovery will garner him a profit. This is a calculated risk which often pays off. The fee the attorney or law firm earns usually is much higher than if the client had been billed at an hourly rate: "lawyers charge a premium when their entire fee is contingent on winning . . . . The premium added

---

[2] Factual concessions or clarifications made by the Plaintiff at hearing can be considered by this Court in determining whether there is a factual dispute that precludes dismissal as a matter of law. *See, e.g., Brereton v. Commc'ns Satellite Corp.*, No. 86-3082, 1992 U.S. Dist. LEXIS 13140, at * 16 (D.D.C. Aug. 31, 1992) (Granting motion for summary judgment based on factual concession by Plaintiff's counsel during oral argument).

for contingency compensates for the risk of nonpayment if the suit does not succeed . . . ."

*Robinson v. Nussbaum*, 11 F. Supp. 2d 1, 5 n.8 (D.D.C. 1997) (*quoting Pennsylvania v. Delaware Valley Citizens' Council*, 483 U.S. 711, 735–36 (1987)(Blackmun, J., dissenting)). Here, the risk taken by Plaintiff was significantly reduced in that it billed and was paid $150 per hour under the contract, while it still retained the possibility of receiving a percentage of a recovery made on the underlying claim. The fact that no recovery was made on the underlying claim does not provide Plaintiff with justification to demand compensation for the "reasonable value of its services," or any other amount in excess of the contract rate.

The same legal analysis applies to the contention that Plaintiff is entitled to alternative compensation because HII chose not to pursue the appeal. The relationship between the parties is set forth in the fee agreement. There is no allegation that the fee agreement placed any limits on HII's ability to forego or abandon its claims; nor does Plaintiff allege that the agreement provides that Plaintiff was entitled to compensation beyond the $150 hourly rate in the event HII chose to do so. If this Court were to permit Plaintiff to recover an additional sum, after Plaintiff has acknowledged it was fully paid according to the terms of the contract, it would reform the contract to insert a penalty provision that was not agreed to by the parties. Absent fraud, duress or mistake, none of which are alleged in the Second Amended Complaint, District of Columbia law does not permit such redrafting.

    **B.**    **Plaintiff may not assert a claim for *quantum meruit* because the fee agreement is a valid contract that controls the rights of the parties.**

To the extent that Plaintiff's request for the "reasonable value" of its services seeks recovery not under the contract, but rather for *quantum meruit* in quasi-contract, the request is not actionable. It is well established in the District of Columbia, that *quantum meruit* is not available as a means of recovery when there is an express written agreement between the parties

4

regarding the same subject matter. *See Dale Denton Real Estate, Inc. v. Fitzgerald*, 635 A.2d. 925, 928 (D.C. 1993) ("[T]here is no need to resort to a quasi-contract claim based on *quantum meruit* if a true contract was in existence at the time of the services performed."); *Standley v. Egbert*, 267 A.2d 365, 368 (D.C. 1970) ("*[Q]uantum meruit*[] is not applicable when compensation of the parties is covered by an express written contract."); *Leba v. Sills*, 175 A.2d 599, 600 (D.C. 1961) ("[I]t has consistently been held that a plaintiff cannot claim or recover on a quantum meruit theory when the rights of the parties and the basis of compensation are covered by special contract."). The sound reasoning, as explained by the Court in *Denton,* is as follows:

> When parties enter into a contract[,] they assume certain risks with an expectation of return. Sometimes, their expectations are not realized, but they discover that under the contract they have assumed the risk of having those expectations defeated. As a result, they have no remedy under the contract for restoring their expectations. In desperation, they turn to quasicontract (sic) for recovery. This the law will not allow.

*Denton*, 635 A.2d. at 928 (*quoting Mass Transit Admin. v. Granite Const. Co.,* 471 A.2d 1121, 1126 (1984) (further citations omitted)).

The District of Columbia Court of Appeals opinion in *Denton* is controlling in this matter. Plaintiff's claim must rise and fall on the language of the fee agreement; it cannot circumvent an unsatisfying contractual result by asserting a claim for *quantum meruit*. Under the terms of the contract and facts alleged by Plaintiff, full payment under the contract has been made. No additional recovery is permitted and the Second Amended Complaint should be dismissed.

    **C.    Plaintiff's claim for the reasonable value of its services is barred by the statute of limitations.**

Plaintiff's alleged entitlement to the reasonable value of its services arises from the same set of facts and circumstances as its claim for breach of contract. In the District of Columbia, the statute of limitations for contract claims, including *quantum meruit* claims for reasonable value,

is three years. *Union Labor Life Ins. Co. v. Sheet Metal Workers Nat'l Health Plan*, No. 90-2728, 1991 U.S. Dist. LEXIS 13613, at *14 (D.D.C. 1991) (*citing* D.C. Code § 12-301(7)). Under D.C. law, if a plaintiff's cause of action at law for breach of contract is barred by the statute of limitations, any parallel cause of action in equity for the reasonable value of its services is also barred. *See Union Labor*, No. 90-2728, 1991 U.S. Dist. LEXIS 13613, at *14 ("[I]f a legal claim is barred by the statute of limitations then its counterpart in equity is also barred.").

As set forth in detail in HII's and Raymond Harbert's Motion to Dismiss First Amended Complaint, at 11–14, and discussed at length in the motions hearing, Plaintiff knew or should have known of its claims more than three years prior to filing suit. Hearing Transcript at 9–10, 27–36, attached hereto as Exhibit 2. Plaintiff's belated request to recover the reasonable value of its services does not alter the statute of limitations analysis. The claim is time barred and the Second Amended Complaint should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants HII and Raymond Harbert respectfully request that the Court dismiss Plaintiff's Second Amended Complaint.

>Respectfully Submitted
>
>HARBERT INTERNATIONAL, INC.
>RAYMOND J. HARBERT
>
>By: _____/s/_____
>Michael J. McManus   (#263832)
>Jeffrey J. Lopez      (#453052)
>DRINKER BIDDLE & REATH LLP
>1500 K Street, N.W.
>Suite 1100
>Washington, D.C. 20005
>Telephone: (202) 842-8800
>Facsimile: (202) 842-8465
>
>*Attorneys for Harbert International, Inc. and Raymond J. Harbert*

June 1, 2006