UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **King & King, Chartered,** ) | |
| ) | |
| Plaintiff ) | |
| v. ) | Case No. 06-cv-00324 (JDB) |
| ) | |
| **Harbert International, Inc.** *et al*, ) | |
| ) | |
| Defendants ) | |
| ) | |

**PLAINTIFF'S SUPPLEMENTAL BRIEF IN
OPPOSITION TO DEFENDANTS' MOTIONS TO
DISMISS THE COMPLAINT AS AMENDED**

Plaintiff, King & King, Chartered, by and through counsel, submits its Supplemental Brief in accordance with the Court's Order dated May 25, 2006.

## Introduction

The Complaint as currently amended[1] includes a breach of contract claim based on plaintiff's substantial performance of the contract as well as an alternative theory of recovery based on *quantum meruit*, together with other equitable and tort based claims. The defendants' supplemental briefs set forth several arguments for dismissing plaintiff's *quantum meruit* damages claim for failing to state a claim, as well as a statute of limitations defense.

---

[1] The Court's Order, dated May 25, 2006 granted plaintiff's Motion for Leave to File Second Amended Complaint and ordered plaintiff to set out in full, rather than incorporating by reference, the First Amended Complaint. Plaintiff complied with the Court's Order by filing the Revised Second Amended Complaint on May 31, 2006.

**Plaintiff's *Quantum Meruit* Claim Is Neither Barred By The Existence Of An Express Contractual Agreement Nor By The Lack Of Any Recovery**

All the defendants contend that under District of Columbia law, *quantum meruit* is not available where an express contractual agreement exists or existed between the parties as is the circumstance in this case, Revised Second Amended Complaint ("RSAC"), Par. 34. The defendants cite a number of cases in support of this proposition, Supplemental Brief Of Defendants Bilhar International Establishment, *et al*, page 7 and Supplemental Brief In Support Of Motion To Dismiss Plaintiff's First Amended Complaint By Defendants Harbert International, Inc And Raymond J. Harbert, pages 4-5. All of the cases relied on by defendants are distinguishable factually and legally from this case. For example, none of the cases relied upon by defendants involved evidence of, or even allegations that, the defendants' own actions in the cited cases prevented the plaintiffs from obtaining the benefits they were to receive under their contracts with the defendants in those cases. In this case, plaintiff has alleged that it is the action, or lack thereof, of the defendants themselves that have prevented plaintiff from completing its performance under the contract. None of the cases cited by defendants involved an attorney-client contractual relationship, which is significant because of the special nature of the attorney-client relationship and the fact that a client has the right to terminate the relationship at any time, with or without cause. It is because of the special nature of the attorney-client relationship that many jurisdictions, including the District of Columbia, specifically permit *quantum meruit* recovery after a client has terminated an attorney, despite the existence of an express contract between the parties, *Robinson v. Nussbaum*, 11 F. Supp. 2d 1 (D.D.C. 1997).

Although no District of Columbia case involving *quantum meruit* recovery by a discharged attorney that plaintiff is aware of discusses the precise issue raised by defendants in this respect, at least one court has considered this issue and rejected the argument raised by defendants. In *Leoris And Cohen, P.C. v. McNiece*, 589 NE 2d 1060, 1063 (Ill. App. 1992) the issue was identical to that raised by defendants in their briefs. The opinion states in pertinent part:

> The motion further maintains that the plaintiff is not entitled to a recovery based on *quantum meruit* because there exists a contract between the parties covering the same subject matter upon which the *quantum meruit* claim exists.

The case was remanded with instructions to permit *quantum meruit* recovery if the lower court determined the plaintiff-attorney justifiably withdrew from the case. Accordingly, the argument defendants present here was not found to be persuasive by the *Leoris* court. The basis for so holding is abundantly clear. It would be manifestly unfair to adopt the position advanced by defendants in the circumstances of this and any similar case.[2] To do so would permit a client to avoid paying for legal services under an express contingent fee contract by discharging the attorney before he has substantially performed and also avoid paying pursuant to *quantum meruit*

---

[2] The factual circumstances of this case are extremely unusual. As of the May 24, 2006 hearing all of the dozens of discharged contingent fee attorney cases counsel for plaintiff had reviewed involved recovery by the client and thus counsel responded to the Court's question with respect to whether counsel could cite any case where a discharged contingent fee attorney had received the contingent fee in the circumstance where the client had recovered nothing on its claim accordingly, Tr. Page 52, lines 14-17. It is respectfully submitted that one should expect there to be few, if any, cases involving similar circumstances for obvious reasons, *i.e.*, as the client in a typical attorney-client relationship where the attorney is retained pursuant to a contingent fee contract has little if any cost or other risk in pursuing the claim, there is generally little incentive to not pursue his or her claim through to recovery. This is particularly true where, as in this case, the claim involves a potentially large recovery by the client. However, in the course of preparing plaintiff's Supplemental Brief, counsel discovered *Williams v. City of Philadelphia*, 57 A 578, 580 (Sup. Ct. Pa. 1904). In this case the client discharged its attorney without cause and elected not to further pursue its claims. The attorney was permitted to recover the full contingent fee despite not having satisfied the condition precedent of recovery, which the *Williams* court specifically noted was uncertain. Despite the uncertainty, the court permitted the attorney to introduce evidence of the value of the claims at the time the client discharged the attorney.

on the grounds that an express contractual agreement concerning the matter exists or existed between the parties. Although for the reasons set forth above in footnote 3, it is unlikely that there would ever be a significant number of cases involving factual circumstances similar to those present in plaintiff's case, that there may be few such cases does not alter the fact that the position advanced by defendants is extremely unfair and should not be adopted by the Court.

  Defendants, Bill Harbert, BHIC and BIE, also contend that plaintiff cannot recover *quantum meruit* damages because the contingency was not satisfied. Defendants ignore Judge Greene's decision in *Robinson v. Nussbaum*, 11 F. Supp. 2d 1, 5 (D.D.C. 1997). In this case, Judge Greene, without discussion, in dictum followed the so- called "New York Rule," after the case of *Martin v. Camp*, 114 NE 46 (NY 1916) reh. den. 114 NE 1072 amended on other grounds 115 NE 1044, which permits *quantum meruit* damages to be assessed although the client has not recovered on its claim. Although there is some authority for what some have called "The California Rule" after the case of *Fracasse v. Brent*, 494 P 2d 9 (Cal. Sup. Ct. 1972), which requires the condition precedent of recovery before *quantum meruit* damages can be assessed, many more jurisdictions follow the New York Rule, *Skeens v. Miller*, 628 A 2d 185, 191 (Md. 1993); *Leoris, supra,; Adkin Plumbing & Heating v. Harwell* 606 A 2d 802, 804 (N.H. 1992); *Mitch Grissim & Assoc. v. Blue Cross & Blue Shield of Tenn*, 114 SW 3d 531 (Tenn. Ct. App. 2002); *Trenti, Saxburg, Et Al v. Nartnik*, 439 NW 2d 418, 420 (Minn. App. 1989); *Hermann, Cahn & Schneider v. Viny*, 537 NE 2d 236 (Ohio App. 1987); *Booker v. Midpac Lumber Co.*, 649 P 2d 376 (Hawaii 1982); *Gilbert v. Walbeck*, 339 SW 2d 450 (Ky.1960). See also *Sohn v. Brockington*, 371 So. 2d 1089, 1094 (Fl 1979) where that court stated:

> It seems inconsistent on the one hand to hold that an attorney's exclusive remedy is *quantum meruit,* since it is founded on an implied *assumpsit* or promise

4

> by the defendant to pay the plaintiff as much as he reasonably deserved to have for his labor [citation omitted] yet hold that until the contingency stated in the contract occurs, the discharged attorney's cause of action does not accrue. After discharge neither the attorney nor the client is bound by the terms of the contract, therefore no contingency stated in the rescinded contract should govern the right of an attorney to bring his action immediately following discharge.

The *Leoris* court, at page 1064, also discussed the basis for its decision to follow the New York rule:

> * * * in addressing the issue of whether the discharged attorney's right to a *quantum meruit* recovery accrues at the time of discharge, the court stated that even though a contingency fee is generally paid out of the recovery for the client, when a client terminates the contract, the contract ceases to exist between the parties [citation omitted]. Therefore, the contingency term, whether the attorney wins, is no longer operative [citation omitted] A client cannot terminate the agreement and then resurrect the contingency term when the discharged attorney files a fee claim. Furthermore because *quantum meruit* is based on the implied promise of a recipient of services to pay for those services of value to him, the recipient would be unjustly enriched if he were able to retain the services without paying for them [citation omitted].

The *Fracasse* decision is clearly based on an analysis of the appropriate time for accrual of the action and does not contemplate the possibility that there might not be any recovery by the client because the client elects to abandon the claim. However, the dissent in *Fracasse*, by two of the California Supreme Court's five justices, does consider the circumstance where there may never be any recovery by the client. The dissenters noted that conditioning *quantum meruit* recovery on conditions of a rescinded contract violated well established basic principles of common law and the settled precedents of the State of California, *Fracasse*, pages 22-23. The dissenters further noted that the majority had provided no good rationale for overturning that body of law. The *Fracasse* majority's opinion may be understandable given the fact that the vast majority of contingent fee cases result in an affirmative recovery in one form or another and

5

this may well be the reason the majority was not swayed by the concerns posed by the *Fracasse* dissent. As noted above many jurisdictions have adopted the New York Rule. Typically, as in Judge Greene's *Robinson* opinion, the court electing to follow the New York Rule provides little, if any, discussion of the pros and cons of the New York v. California Rules in their opinions. However of those courts that do, the rationale of the Fracasse dissenters is usually the basis for the decision. See for example, *Leoris*, and *Sohn supra*.

It is respectfully submitted that an equally compelling rationale for a court to decline to follow the California Rule in the present circumstances, is that condition precedents are excused when the party asserting the same as a defense to its obligation to perform has prevented the other party from performing, The Law of Contracts 4th Ed., Calamari and Perillo, §1128 and Restatement 2nd Contracts, §245. If the condition precedent cannot be used as a bar in a contract action, they also should not be available to bar recovery of *quantum meruit* damages in a quasi-contractual action.

For all of the foregoing reasons, in the event that plaintiff is unable to establish that it has substantially performed under the contract and recover damages under the contract, the Court should decline to adopt the California Rule in this case and follow the Court's dictum in *Robinson*, and the courts of many states permitting the assessment of *quantum meruit* damages despite the lack of any recovery by defendants on its claims.

### **Plaintiff Has Adequately Pleaded Its *Quantum Meruit* Claim**

Defendants, Bill Harbert, BHIC and BIE contend the Court should dismiss plaintiff's *quantum meruit* claim, contending that plaintiff failed to specifically plead the facts necessary to establish a *prima facie* case, Supplemental Brief Of Defendants Bilhar International

6

Establishment, *et al*, page 8.  Although, as discussed below, plaintiff has pleaded all of the *prima facie* elements required according to defendants to establish the right to a *quantum meruit* recovery under District of Columbia law as set forth in defendants' supplemental brief, it should be noted that that the liberal pleading rules under the Federal Rules of Civil Procedure ("FRCP") include no such requirement.  Under the rules of the FRCP it is clear that a claimant does not have to set out in detail the facts on which the claim for relief is based.  It is sufficient to plead only those facts necessary to put the opposing party on notice of the claim, *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506 (2002); *Scheur v. Rhodes*, 416 U.S. 232, 236 (1973).  The Supreme Court has stated specifically that it is not necessary to plead all of the elements of a *prima facie* case, *Swierkiewicz,* pages 510-511.  It is also clear that under FRCP it is permissible to set forth the claim in conclusionary statements, *Brownlee v. Conine* 957 F. 2d 353, 354 (7th Cir. 1992).  See also Moore's Federal Practice 3d, §8.04.  Accordingly, even if defendants' contentions were true they would not constitute a sufficient basis for dismissing plaintiff's complaint.

    However, defendants' contentions are not true.  Plaintiff has pleaded that it rendered valuable services to defendants in paragraphs 13, 15-17, 23, 25-26, 28 30, 31, 33 and 34 of the complaint as amended.  Plaintiff has pleaded that it provided those services to the "B Defendants" in paragraphs 37 and 40, that the services were accepted and enjoyed by the "B Defendants" in paragraphs 16, 19, 34, 37 and 40.  With respect to the last element-under such circumstances as reasonably notified the "B Defendants" that plaintiff expected to be paid for such services- it is respectfully submitted that the circumstances are set forth in virtually every paragraph of the complaint as amended., but that the pleaded circumstances which are most significant in this respect are set forth in paragraphs 8-13, detailing the long relationship of the

parties prior to plaintiff undertaking to represent defendants with respect to the Kwajalein claims, and the fact that plaintiff has a written fee agreement with defendants, HII, and BHIC, and has billed for its services and received some payment under the agreement as pleaded in paragraph 34.  Although plaintiff did not expressly plead that it had been paid for the services provided to defendants as set forth in paragraphs 8-13, this is certainly a reasonable inference the Court may draw, *National Railroad Passenger Corp. v. Lexington insurance Co.*, 357 F. Supp. 2d 287, 291-292 (DDC 2005); *U.S. v. BCCI Holdings, S.A.*, 980 F. Supp. 21 (DDC 1997); *Campbell Ed. v. District of Columbia*, 874 F. Supp. 403, 406 (DDC 1994).  Obviously, the fact that plaintiff previously rendered legal services to defendants, was paid for same and was working under a written fee agreement pursuant to which, plaintiff had reduced its hourly fees, submitted invoices for its services at the reduced rates and received payment therefore constitutes circumstances, which reasonably notified the "B Defendants" that plaintiff expected to be paid for its services and was not working for defendants on a gratuitous basis.

### **Plaintiff's *Quantum Meruit* Claim Is Not Barred By The Statute Of Limitations**

All of the arguments plaintiff has made previously with respect to the defendants' contentions with respect to plaintiff's contract claim being barred by the statute of limitations are equally applicable to defendants' contentions with respect to plaintiff's quasi-contractual claim.  See Plaintiff's Response And Memorandum Of Law In Opposition To Defendants' Motions To Dismiss The First Amended Complaint, pages 4-10.  In order to succeed defendants must be able to conclusively establish from the RSAC itself that plaintiff knew or reasonably should have known of defendants repudiation of the contract no later than the conclusion of the November 2002 hearing.  This cannot be done however, because the RSAC clearly pleads facts which

support plaintiff's assertion that it did not in fact know of the repudiation or termination until defendants, Raymond Harbert and/or HII permitted the deadline, January 26, 2003, for responding to the ASBCA's show cause order to pass without unconditionally ratifying the reinstatement of defendant, HII's appeals, RSAC, paragraphs 32 and 33.  Plaintiff's knowledge or belief in this respect is entirely reasonable given the equivocal nature of defendants', Raymond Harbert and HII, actions and statements, both at the hearing and subsequently, coupled with the fact that any defects in their performance prior to January 26, 2003 could have been readily cured by responding to the Board's show cause order with an unconditional ratification of the reinstatement of HII's appeals.

## Conclusion

For the reasons set forth above the Court should find the defendants arguments unpersuasive and refuse to grant their motions to dismiss the Revised Second Amended Complaint.

                                          Respectfully submitted,

                                          King & King, Chartered.

                                          By: _____/s/_____
                                              Christopher M. McNulty
                                              D.C. Bar No. 362550

                                          King & King, Chartered
                                          c/o 3033 N. Dickerson Street
                                          Arlington, Virginia   22207
                                          Tel: (703) 237-4576

                                          Attorney for Plaintiff, King & King, Chartered