IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KING & KING, CHARTERED, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:06-cv-00324 (JDB) |
| HARBERT INTERNATIONAL, INC., *et al.*, | ) |
| Defendants. | ) |

**REPLY OF DEFENDANTS BILHAR INTERNATIONAL ESTABLISHMENT, BILL HARBERT INTERNATIONAL CONSTRUCTION, INC., AND BILL L. HARBERT TO PLAINTIFF'S SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS REVISED SECOND AMENDED COMPLAINT**

Defendants Bilhar International Establishment ("BIE"), Bill Harbert International Construction, Inc. ("BHIC") and Bill L. Harbert ("Bill Harbert") ("hereafter "B Defendants"), by and through counsel, hereby submit their reply to the Supplemental Brief ("Brief") of Plaintiff King & King, Chartered ("King & King") in opposition to Defendants' Motion to Dismiss Revised Second Amended Complaint ("Motion").

B Defendants will not repeat the arguments made in their Motion. Rather, they will limit themselves to responding to the portion of Plaintiff's Brief that addresses B Defendants' argument that Plaintiff is not entitled to recover in *quantum meruit* because it is bound by the terms of the contract it entered into.

B Defendants note, as an initial matter, that Plaintiff admits that it originally agreed to a contingency-only arrangement with Defendants BHIC and HII (*see* Tr. at 47, lns. 14-23; p. 49, lns. 24-25; Revised Second Amended Complaint at 21, ¶ 34) but that *Plaintiff* later approached Bill Harbert and requested and received Defendant(s)' agreement to revise the fee contract to a

hybrid arrangement. *See* Tr. at 49, lns. 3-10 ("it became apparent to us after two years of struggling that we weren't ever going to be able to settle this case. And so *we* went back to Bill and said we're willing to proceed on a largely contingent fee basis, but . . . *we need* to have some small hourly portion that *we get compensated for*" (emphasis added)). Under the hybrid arrangement - entered into **in 1997** - Plaintiff was to be paid a fee of $150 an hour and a contingency percentage if there were a recovery. Plaintiff's pleadings and its counsel's statements during the hearing strongly suggest that the hourly rate of $150 was set *by Plaintiff*, and indeed Plaintiff has not argued otherwise. Thus, Plaintiff itself established the "reasonable value" for its services and it admitted, during the May 24, 2006 hearing before this Court, that it had been paid in full. *See* Tr. at 46, lns. 7-16. With regard to the $150/hour rate, it must be remembered that Plaintiff set it *nine years ago, i.e.*, in 1997. B Defendants ask the Court to take judicial notice that even today the fee paid to attorneys under the Equal Access to Justice Act is limited to $125 an hour.[1]

Not a single one of the cases relied on by Plaintiff in its Brief presents a situation where the attorney agreed to and was paid an hourly rate *in addition to* the contingency fee sought. Rather, in the cases in which *quantum meruit* was granted, the attorneys were discharged without payment of any fee. Here, because Plaintiff was paid 100% of the reasonable value it established for its services *in the contract*, there is no basis for Plaintiff to claim entitlement to an additional fee, outside of the contract's terms, on a *quantum meruit* basis.

B Defendants submit that *Robinson v. Nussbaum,* 11 F.Supp.2d 1, 6 (D.D.C. 1997), cited by Plaintiff (and the only District of Columbia case cited for this point in the Brief), is

---

[1] *See* 28 U.S.C. § 2412(d)(2)(A)(ii). This fee applies unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

dispositive. There, the court was faced with the issue, in connection with dissolution of a law firm, of whether both hourly billings and contingency fees were partnership property. In its decision, the court stated:

> In characterizing contingency fee agreements and only such agreements as "property" of a firm, plaintiffs overstate the nature of the rights which arise under a contingency fee agreement. Plaintiffs assert that "it would be a breach of the agreement for either side to terminate the relationship prior to the final resolution of the matter." . . . However in a majority of jurisdictions, ***including the District of Columbia***, this is not the rule. . . . ***The modern rule is that the special nature of the attorney-client relationship prevents an attorney from asserting an enforceable interest in future fees until the occurrence of the contingency.*** Since trust and confidence are essential aspects of an attorney-client relationship, a client may discharge his attorney for any reason and at any time. . . . These courts hold that a client should not be compelled to continue to employ an attorney he no longer trusts, whether he retains the attorney by an hourly rate or signs a contingency fee agreement.
>
> Generally, an attorney discharged before settlement or judgment may not recover from his former client the full amount stated in the contingency fee contract. "The unique relationship between attorney and client prevents the agreement between them from being considered as an ordinary contract because doing so would ignore the special fiduciary relationship." *Olsen and Brown v. City of Englewood,* 889 P.2d 673, 676 (Colo.1995) (en banc) (citations omitted). Instead, the discharged attorney's recovery is limited to quantum meruit, or the reasonable value of the services ***already performed.*** See *Kopelman and Associates, L.C. v. Collins,* 196 W.Va. 489, 473 S.E.2d 910, 917 n. 7 (W.Va.1996).

Emphasis added.

Having itself established the "reasonable value" of the services it performed, and having admitted that it was paid the full amount of its hourly billings, Plaintiff has failed to state a claim for an additional *quantum meruit* fee, especially in the absence of any recovery by Defendants in its appeals pending before the Armed Services Board of Contract Appeals.

WHEREFORE, in consideration of the foregoing and their Motion to Dismiss Revised Second Amended Complaint, Defendants Bilhar International Establishment, Bill Harbert

International Construction, Inc., and Bill L. Harbert respectfully pray that the Court grant their Motion.

        Respectfully submitted,

        BILHAR INTERNATIONAL ESTABLISHMENT,
        BILL HARBERT INTERNATIONAL
          CONSTRUCTION, INC.,
        BILL L. HARBERT

By: _____/s/_____
    Laurence Schor (#11484)
    Dennis C. Ehlers (#478721)
    McManus, Schor, Asmar & Darden, LLP
    1155 15th Street, N.W.
    Suite 900
    Washington, D.C. 20005
    Telephone: (202) 296-9260
    Facsimile: (202) 659-3732

- 5 -

## **CERTIFICATE OF SERVICE**

I hereby certify that true and correct copies of the foregoing were served electronically this 9th day of June 2006 on:

Christopher M. McNulty, Esq.
King & King, Chartered
3033 N. Dickerson St.
Arlington, Virginia 22207
*Counsel for Plaintiff*

and

Michael J. McManus, Esq.
Jeffrey J. Lopez, Esq.
DRINKER BIDDLE & REATH LLP
1500 K Street, N.W.
Suite 1100
Washington, D.C. 20005
*Counsel for Defendants Harbert International,
Inc. and Raymond J. Harbert*

                                                    /s/
                                            Dennis C. Ehlers