UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KING & KING, CHARTERED**<br><br>**Plaintiff,**<br><br>v.<br><br>**HARBERT INT'L, INC., et al.**<br><br>**Defendants.** | Civil Action No. 06-324 (JDB) |

### ORDER

Plaintiff King & King, Chartered ("King & King"), a law firm, brought this action against a former client and several related entities and individuals alleging various contract, quasi-contract, and tortious interference claims. Thereafter, defendants filed motions to dismiss for failure to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6). In an order dated June 26, 2006, the Court granted defendants' motions and dismissed the complaint. See King & King, Chartered v. Harbert Int'l, Inc., 436 F. Supp. 2d 3 (D.D.C. 2006). King & King filed a notice of appeal on July 24, 2006, and on that same day filed a motion before this Court seeking a stay of the June 26, 2006, order pending resolution of its appeal by the D.C. Circuit. No response to that action has been filed.

Stays pending appeal are rarely granted, and the moving party bears the heavy burden of demonstrating that a stay is warranted. E.g., Cuomo v. U.S. Nuclear Regulatory Comm'n, 772 F.2d 972, 978 (D.C. Cir. 1985) (per curiam). The district court may in its discretion enter a stay upon consideration of the following factors: (1) the likelihood that the moving party will prevail on the merits of its appeal; (2) the likelihood that the moving party will suffer irreparable harm

absent a stay; (3) whether issuance of a stay would substantially harm other interested parties; and (4) whether a stay would serve the public interest.  E.g., Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc., 559 F.2d 841, 843-44 (D.C. Cir. 1977).

The moving party, in this case King & King, has not made any showing with respect to the need for a stay.  Its three-sentence motion consists entirely of a bare request for relief.  Because King & King has not demonstrated the need for a stay of the Court's June 26, 2006, order, and the Court sees no other reason to grant such extraordinary relief, it is this 20th day of October, 2006, hereby

**ORDERED** that the plaintiff's motion for a stay pending appeal is **DENIED**.

**SO ORDERED.**

                                        /s/ John D. Bates
                                        JOHN D. BATES
                                  United States District Judge